## Murdock, Kerr & Co. *v.* Walker et al., Appellants.

*Equity—Injunction—Interference with workmen.*

A court of equity will restrain by injunction discharged employees, members of a union, from gathering about their former employer's place of business, and from following the workmen whom he has employed in place of the defendants, from gathering about the boarding houses of such workmen, and from interfering with them by threats, menaces, intimidation, ridicule and annoyance, on account of their working for the plaintiffs.

Argued Oct. 27, 1892.   Appeal, No. 44, Oct. T., 1892, by defendants, Eugene Walker et al., from decree of C. P. No. 3, Allegheny Co., Feb. T. 1892, No. 32, awarding preliminary injunction.   Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Bill in equity for injunction.

The bill averred that plaintiffs are job printers who employ a large number of journeyman printers and pressmen; that about Oct. 1, 1891, the printers and pressmen, then employed by plaintiffs, refused to work unless paid higher wages; that plaintiffs offered them work at the wages theretofore paid; defendants are members of associations known as Typographical Union No. 7, and Pressmen's Union No. 13, and the workmen employed by plaintiffs since Oct. 1, 1891, are not members of said associations; that, ever since Oct. 1, 1891, defendants, with others unknown, have unlawfully combined and conspired to prevent plaintiffs from taking into and retaining in their employ printers, not members of said unions, who would work at the wages plaintiffs were willing to pay, and to drive away workmen employed by plaintiffs, with malicious intent to control and injure the business of plaintiffs and to compel them to pay the wages demanded by the workmen who left their employment, and to employ only members of said unions, in pursuance of which conspiracy defendants have attempted to accomplish their unlawful purposes by threats, menaces, intimidation and opprobrious epithets addressed to plaintiffs' workmen, by gathering in crowds about plaintiffs' place of business and places where plaintiffs' workmen board, following said workmen to and from their work, holding them up to the ridicule and contempt of bystanders, and divers other means of violence and intimidation; that such unlawful acts and conduct of de-

fendants have deprived plaintiffs of the services of many men who were ready and willing to work, and impeded and damnified plaintiffs in their business; and that defendants intend to continue their lawful practices if not enjoined therefrom. The prayers were for injunction and general relief.

No answer was filed to the bill. Numerous affidavits were offered both by plaintiffs and defendants. The case was heard upon bill and affidavits, and after argument the court filed the following opinion:

" No questions seem to arise in this case which were not considered in the case of Brace Bros. v. Evans, decided by Judge SLAGLE [35 Pitts. L. J. 399*]; that of Moorhead v. Krause, recently decided by Judge STOWE, and that of McCandless & Kinser v. O'Brien, August term of this court. The right of workingmen to organize into associations cannot be questioned; and the right of the members of such associations, either as individuals or as an organization, to cease to work for any employer and to use all lawful and peaceful means to induce others to refuse to work for such employer are equally well founded. But the members of such associations have no right, by force, menances or threats, to attempt to prevent the members of any other association, or men who belong to no association, from working upon such terms as they may be willing to do, nor, upon the other hand, have nonunion workmen any right to use such means to prevent the members of any association or union from working upon such terms as they may agree upon with any employer. When any number of men so conduct themselves as to commit a continuing trespass or become a nuisance they may be enjoined. Under the affidavits submitted there can be no doubt that a number of the defendants, with others, have been in the habit of collecting in crowds about the establishment of the plaintiffs, having followed their workmen to and from their boarding houses, and purposely interfered with them in passing along the public streets, in some instances even resorting to actual force. The purpose of those engaged in these proceedings was evidently correctly stated by one of the defendants when, in reply to the words of one of the plaintiffs, ' Our men are getting sick and tired of this,' he said, ' That is what we are here for, to make them

---

* See also Sweeny v. Torrence, 1 Dist. R. 622.

sick and tired.' The whole course of those actively engaged in these movements was a menace to the workmen of the plaintiffs, as well as to the public peace.

"A number of the defendants named in the bill are not shown by the affidavits to have taken any part in the acts which are complained of, and, as to all except those hereinafter named, the motion for a preliminary injunction is refused.

"It is ordered that a preliminary injunction issue against the defendants, T. O'Leary, Charles McCune, J. Francis, John C. Miller, Henry Freund, L. Hoskinson, John Mitchell, T. N. Crooks, John Powell, Eugene Walker, Samuel Miller, Frederick Yentsch, William F. Wetzel, David Lowry, Henry Neely, Robert Smith, August Held, V. B. Williams, Frank Lewis and Edward Glennen, restraining them and each of them from gathering at and about plaintiffs' place of business, and from following the workmen employed by plaintiffs, or who may hereafter be so employed, to and from their work, and gathering at and about the boarding places of said workmen, and from any and all manner of threats, menaces, intimidation, opprobrious epithets, ridicule and annoyance to and against said workmen or any of them, for or on account of their working for the plaintiffs, upon the execution by plaintiffs of a bond in proper form, with sureties to be approved by the court, in the sum of $2,000."

*Error assigned* was above decree, quoting it.

*D. F. Patterson, W. C. Stillwagen* with him, for appellants.— Anything peacefully done in pursuance of the act of May 8, 1869, P. L. 1260, does not come within the statutory authority of courts of equity for the prevention or restraint of "the commission or continuance of acts contrary to law."

The lawful right of employees to combine for mutual aid, benefit and protection, and to establish regulations in furtherance of their mutual interests in an orderly manner, divests such associations of the element that lies at the foundation of all conspiracies, to wit, the power derived from the combination of numbers. Act of April 20, 1876, P. L. 45, explanatory of the act of June 14, 1872, P. L. 1175.

*J. S. & E. G. Ferguson* and *J. A. Evans,* for appellees, were not heard, but cited in their printed brief, Com. v. Hunt, 4 Metc. 111; Theiss Boycott Case, 1 N. Y. Cr. Rep. 317–403.

PER CURIAM, January 3, 1893:

This is an appeal from the decree of the court of common pleas No. 3, of Allegheny county, restraining the defendants from gathering about plaintiffs' place of business, and from following the workmen employed by plaintiffs, or who may hereafter be so employed, to and from their work, and gathering about the boarding houses of said workmen; and from any and all manner of threats, menaces, intimidation, opprobrious epithets, ridicule and annoyance to and against said workmen or any of them, for or on account of their working for the plaintiffs.

The decree is affirmed, for the reasons given by the learned judge of the court below in his opinion, and the appeal dismissed at the costs of the appellants.