HAGAN et al. v. BLINDELL et al.

(Circuit Court of Appeals, Fifth Circuit. May 29, 1893.)

No. 117.

1. COMBINATIONS IN RESTRAINT OF TRADE—EQUITY JURISDICTION.

The jurisdiction of the circuit court to entertain a suit to enjoin a combination of persons from interfering with and preventing shipowners from shipping a crew may be maintained on the ground of preventing a multiplicity of suits at law, and for the reason that damages at law

for interrupting the business and intercepting the profits of pending enterprises and voyages must, in their nature, be conjectural, and not susceptible of proof. 54 Fed. Rep. 40, affirmed.

2. SAME—INJUNCTION PENDENTE LITE—EVIDENCE.

Evidence that, by reason of the action of a combination of persons, the crew left complainants' ship as she was about to sail, and that another crew could not be procured for nine days, and then only with the assistance of the police authorities and the protection of a restraining order, while other vessels in the vicinity had no difficulty in getting crews, is sufficient to authorize the court to enjoin interference with the business of the complainants by such combination pendente lite. 54 Fed. Rep. 40, affirmed.

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

In Equity. Bill by Blindell Bros. & Co. and others against Charles Hagan and others to enjoin interference with their business as shipowners. From a decree granting an injunction pendente lite, (54 Fed. Rep. 40,) defendants appeal. Affirmed.

John D. Grace and J. Wara Gurley, Jr., (Gurley & Mellon, on the brief,) for appellants.

F. B. Earhart and H. P. Dart, for appellee.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

TOULMIN, District Judge. The only practical question presented by the record is whether the court below had jurisdiction of the case, as made by the bill. We concur in the conclusion reached by the learned judge who decided the case below, as expressed in his opinion, and which is made a part of the record, that the jurisdiction of the court is maintainable on general principles of equitable jurisdiction; and a careful examination of the case satisfies us that, under all the facts before it, there was no error in the court awarding a preliminary injunction.

The decree is therefore affirmed.