LEOPOLD SINSHEIMER and Others, Respondents, *v.* THE UNITED GARMENT WORKERS OF AMERICA and Others, Appellants.

77 215<br>91 493<br>77h 215<br>39 Mis 58

*Combinations of manufacturers and associations of employees — right of manufacturers to lock out certain employees — right of employees to persuade persons to cease trading with certain manufacturers — when equity will not grant relief.*

There is no law which prevents combinations of individuals, either for the assertion of rights or protection against wrongs, as long as the acts of such associations do not infringe upon the provisions of law.

A combination of manufacturers has the right to lock out all operatives connected with an association of employees, because of demands which it considers unjust made by such association of employees upon a member of the combination of manufacturers, and such association of employees has an equal right to endeavor to persuade those who have been accustomed to deal with the members of the manufacturers' combination to discontinue their trade.

The plaintiff in an equity action must come into court with clean hands, and courts should be studious to see that the rights of all parties are protected, and that the forms of law are not used on behalf of one party against another, when the party seeking the intervention of the court has been endeavoring to secure his ends by means similar to those which he seeks to enjoin on the part of his antagonist.

APPEAL by the defendants, The United Garment Workers of America and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 18th day of November, 1893, granting the plaintiffs' motion for a preliminary injunction.

*A. L. Fromme,* for the appellants.

*Wm. N. Cohen,* for the respondents.

VAN BRUNT, P. J.:

It is exceedingly difficult to determine what the precise facts are from an examination of the papers submitted upon this appeal. The complaint and affidavits upon the part of the plaintiffs contain

allegations as of the personal knowledge of the party verifying the same of which it is apparent that such party could not have had such knowledge. The affidavits also contain allegations of conclusions drawn from letters which are not produced, which method of allegation has been often enough condemned. The affidavits and answer of the defendants are subject largely to the same criticism. What the true facts are in reference to the claims of the two parties to this action can only be established upon the trial of the issues involved, when assertions without knowledge can be sifted from the case, and conclusions reached based upon legal testimony.

The main facts in reference to which there seems to be sufficiency of legal proof are that the plaintiffs formed part of a combination of clothing manufacturers, having for its ostensible object protection from unjust claims upon the part of their operatives, with a secret purpose to break down, if possible, any organization made by operatives for the purpose of advancing wages and protecting themselves in their employment. The defendant upon the other hand is a combination of operatives associated together for the purpose of protection against the exactions of employers, the advancement of their wages, and the compelling of employment of only those persons who belong to their association. Naturally the interests and purposes of these two associations lead to contest and strife. I know of no law which prevents combinations, either for the assertion of rights or protection against wrongs, as long as the acts of such associates do not infringe upon the provisions of law.

Various differences had arisen between the plaintiffs and the defendants; negotiations were had; claims of bad faith upon both sides were advanced; and the result was the issuance of circulars by the defendants, some time prior to the commencement of this action, to tradesmen in other cities, complaining of their treatment by the plaintiffs and others, and substantially asking that they discontinue trading with them as long as this condition of affairs existed. And finally, in March, 1893, the clothing manufacturers adopted a resolution (claiming bad faith upon the part of the operatives and that a strike had been ordered in the shop of one of the members of the association) that unless the operatives receded from their position, all persons in their employ belonging to the association of operatives should be discharged.

An action was subsequently commenced by the members of the Clothing Manufacturers Association collectively against the defendants for the relief prayed for in this action, which was denied, and a motion made for an injunction upon the ground of misjoinder of parties. Thereupon in April this action was commenced, and a motion for an injunction argued in June and decided in November.

I fail to see how the injunction in this action can be sustained. There is no proof of any acts of violence upon the part of the defendants, or of any injury to property, or of any threats or intimidation. At best the circulars were but one of the instruments used by the defendants in their contest with the association of which the plaintiffs were members. It was a pursuing of precisely the same course against the Manufacturers Association as the Manufacturers Association were urging against them. The Manufacturers Association claimed the right that their members should discharge from their employ all persons connected with the defendants' association unless they receded from certain demands made upon one of their members. The defendants notified persons engaged in the trade of the controversies which were existing, and virtually requested such persons not to deal with the plaintiffs' firm unless such differences could be adjusted. I fail to see that there is any infringement of any provision of law in the issuance of such a circular.

It is further to be observed that at the time of the argument of this motion, and subsequent to the beginning of the action, it would appear that the differences between the plaintiffs and the defendants had been adjusted and an agreement entered into, and there is no proof that any of the circulars affecting the plaintiffs' firm were issued by the defendants for some time prior to the commencement of this action, and the intention to issue such circular is expressly denied. It is true that in one of the affidavits read upon the part of the plaintiffs, it is said that certain circulars were distributed through the mails as late as the 27th of May, 1893. But it is not claimed that any of these circulars were issued in respect to the plaintiffs' firm ; nor is there any legal evidence that any such circulars were distributed at all. It is at most hearsay, and there is no reason whatever given for the failure to produce the affidavit of some person who had personal knowledge of the facts. And as

already observed, this seems to be a feature which characterizes all the papers upon this application.

It seems to me obvious that the clothing manufacturers had the right to lock out all operatives connected with the defendants' association because of demands which they considered unjust, made by the defendants upon one of their number, and that the defendants had an equal right to endeavor to persuade those who had been accustomed to deal with members of the Manufacturers Association to discontinue their trade.

It is a familiar principle in equity that the plaintiff must come into court with clean hands. Under the circumstances disclosed by the papers in this case, if the defendants were guilty of any violation of law, the plaintiffs were certainly equally implicated, and under this condition of affairs it is difficult to see how they would have a right to the intervention of a court of equity. In dealing with questions of this nature the court should be studious to see that the rights of all parties are protected; and that the forms of law should not be permitted to be used on behalf of one party against another, when the party seeking the intervention of the court has been endeavoring to secure his ends by means similar to those which he seeks to enjoin on the part of his antagonist.

Upon the whole case, therefore, I am of the opinion that the injunction should not have been granted, and the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

Follett, J., concurred.

O'Brien, J.:

I concur in the result. The assertion of a right or the attempt to redress a wrong on the part of either employer or employee is legal and proper. When the means employed, however, are unlawful, the courts will intervene.

If the plaintiffs here can show that, while legally asserting their rights as employers, their business has been unlawfully interfered with by the defendants to an extent entailing grievous and irreparable injury, then I think there would be presented a case wherein the court could by injunction restrain the unlawful means employed. From the affidavits used on the motion, I do not think that either

of these propositions sufficiently appears to justify an injunction during the pendency of the action. That the plaintiffs were entirely without fault is by no means made evident, nor, at the time the injunction was granted, was the threatened injury serious. The defendants having denied under oath any intention to issue any more circulars, and none having been issued since those complained of in the prior action, there was little, if any, necessity for a preliminary injunction, and no injustice would have resulted if the questions at issue had been reserved until the trial.

Without expressing an opinion, therefore, as to whether, upon the facts here alleged, an injunction could or could not issue, I am of opinion that, upon the evidence on which the motion was made, the preliminary injunction should not have been granted, and I concur, therefore, in the reversal.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.