# Wick China Co., Appellant, *v.* W. K. Brown et al.

*Equity—Strike—Interference with workmen—Master and servant—Injunction—Dissolving injunction—Practice.*

A preliminary injunction will be awarded, and should not be dissolved before hearing, where it appears, from the bill and the injunction affidavits, that defendants, striking employees of plaintiff, refused to permit other persons to work for plaintiff, and that they endeavored to accomplish their purpose by threats, menaces, intimidation and opprobrious epithets addressed to plaintiff's officers and workmen, and by gathering in crowds at plaintiff's place of business, and at the boarding houses of their workmen, and by following the workmen to and from their work, stopping them on the highways, and holding them up to the ridicule and contempt of bystanders.

Argued Oct. 9, 1894. Appeal, No. 17, Oct. T., 1894, by plaintiff, from decree of C. P. Armstrong Co., Dec. T., 1893, No. 43, dissolving a preliminary injunction. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Bill for injunction. Before RAYBURN, P. J.

The bill averred that plaintiff corporation, engaged in manufacturing iron stone china and decorative ware, desiring to diminish their stock of ware, on Aug. 9, 1893, ordered the clay department of the works closed, whereupon the kiln hands and other employees who were members of the "Local Union No. 3" quit work, and refused to do any work for plaintiff company themselves or permit others to work for said company.

That defendants not only refused to work for plaintiff company at the same rates or wages that they had been receiving, but refused to allow other persons, who were willing to work at said wages, to do any work for said company.

That defendants are members of an association known as "Local Union No. 3, of the National Brotherhood of Operative Potters," and have their place of meeting in Kittanning, Pa.

That since Aug. 9, 1893, defendants have conspired and combined to prevent plaintiff company from employing any workmen who are willing to work for said company, and have tried to drive away their workmen and injure said company's business, and to compel said company to employ only such workmen as they, defendants, should suggest.

That defendants have endeavored to accomplish their unlawful purposes by threats, menaces, intimidations and opprobrious epithets addressed to plaintiff company's officers and workmen, and by gathering in crowds about the company's place of business, and at the boarding places of their workmen, and by following said workmen to and from their work, stopping them on the highways, interfering with them in their work and by holding them up to ridicule and contempt of bystanders.

That by such unlawful acts plaintiff company has been and still is deprived of the services of many workpeople, who are willing and anxious to work for said company, and has been and still is otherwise greatly harassed, impeded and damnified, in the carrying on of its business.

That plaintiff company has been put to great cost and expense by the illegal conduct of defendants ; has lost gains and profits which it otherwise would have made, and is likely to lose large sums of money by reason of said illegal conduct.

The bill prayed for an injunction.

The averments of the bill were sustained by injunction affidavits. The court awarded a preliminary injunction. Defendants filed an answer which was not sworn to, but affidavits were filed denying the chief averments of the bill. The court dissolved the injunction, without filing an opinion.

*Error assigned* was decree, quoting it.

*Orr Buffington, J. H. Painter* with him, for appellant, cited : Murdock, Kerr & Co. v. Walker, 152 Pa. 596.

No appearance for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, Oct. 22, 1894:

The learned court was clearly right in granting the preliminary injunction, but we find nothing in the record to justify the decree dissolving the same. The answer, signed by twenty-one of the twenty-seven defendants, does not appear to have been sworn to by any of them. Whether this was intentional or a mere oversight we are unable to say. In justice to the defendants, however, it is proper to add that in affidavits, made by nearly all of them, they deny certain threats and acts of violence charged in the bill. But, without commenting on the merits of the case, at this stage of the proceeding, it is sufficient to say that the material averments of fact contained in the bill, sustained as they are by the injunction affidavits, require the restoration and continuance of the preliminary injunction; and, if said averments are hereafter established by the proofs, the injunction should be made perpetual.

The decree of September 19, 1893, dissolving the preliminary injunction, theretofore granted, is reversed and set aside, with costs of this appeal to be paid by the defendants; and it is now adjudged and decreed that said preliminary injunction be reinstated and continued, and it is ordered that the record be remitted for further proceedings secundum regulam.