PIDCOCK v. HARRINGTON et al.

(Circuit Court, S. D. New York. December 20, 1894.)

Monopolies—Suit by Private Individual.

The act "to protect trade and commerce against unlawful restraints and monopolies" (Act Cong. July 2, 1890) confers no right upon a private individual to sue in equity for the restraint of the acts forbidden by such statute, an action at law for damages being the only remedy provided for private persons, and the right to bring suits in equity being vested in the district attorneys of the United States.

This was a suit by John F. Pidcock against Dennis Harrington and others for an injunction and accounting. Defendants demurred to the bill.

This is a suit in equity against the above-named defendant, and a number of others, praying for an injunction and an accounting on the ground that the defendants have conspired to ruin complainant's business as a commission merchant and dealer in live stock. The bill alleges that the defendants have ceased dealing with the complainant and have threatened to cease dealing with people who deal with him. The action is founded upon the act of congress of July 2, 1890, entitled "An act to protect trade and commerce against unlawful restraints and monopolies" (26 Stat. 209).

William F. Randel, for complainant.
Edward C. Boardman, for defendants.

COXE, District Judge. At the argument the counsel for the complainant was asked whether he sought to maintain this action under the general equity principles of the common law or under the provisions of the act of July 2, 1890. He answered that it was founded solely upon the statute. It is unnecessary, therefore, to discuss the proposition whether or not the action can be maintained independently of the statute. The demurrer challenges the jurisdiction of this court to maintain, under the act in question, a bill in equity filed by a private individual and his solicitor. It is clear that the right to maintain such a suit is not expressly conferred by the act. Indeed, such right is, by implication, denied—First, because a private person is given (section 7) the right to maintain an action at law; and, second, the district attorneys of the United States, under the direction of the attorney general (section 4), are charged with the duty of commencing suits in equity. If it were the intention of the lawmakers to vest in every irresponsible individual, who may deem himself aggrieved, the right to invoke the drastic and far-reaching remedies conferred by the act, is it not reasonable to suppose that they would have said so in unambiguous terms? The first three sections are penal statutes. They give no civil remedy. Section 4 vests the right to institute proceedings in equity in the district attorneys of the United States, and, together with section 5, prescribes the procedure in such suits. Section 6 provides for the seizure and forfeiture to the United States of property illegally owned under the provisions of the act. So far, then, the act is a public act providing no private remedy. If it ended with section 6 there would probably be no pretense that it sanctioned a suit like the one at bar. What follows, however, in no way strengthens the complainant's position. The only section which gives a private remedy is the seventh, which is as follows:

"Any person who shall be injured in his business or property by any other person or corporation by reason of anything forbidden or declared to be unlawful by this act, may sue therefor in any circuit court of the United States in the district in which the defendant resides or is found, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the costs of suit, including a reasonable attorney's fee."

But for this section no private person would have any standing in court, and as the only right conferred by it is the right to sue for damages in a court of law, it follows that the point presented by the demurrer is well founded. The precise question was decided in favor of the views here expressed in Blindell v. Hagan, 54 Fed. 40, affirmed 56 Fed. 696, 6 C. C. A. 86. The demurrer is allowed.