Mark Davis, Respondent, v. Julius Zimmerman and Others, Appellants.

*Tort — conspiracy to injure business or property — power of the Supreme Court to protect property by injunction — rule as to the denial of equities, considered.*

The business of a person, conducted according to law, is a property right, and a loss resulting from a suspension or interruption of business is an injury to property.

A court of equity has jurisdiction to restrain by injunction the carrying out of a conspiracy to destroy or injure property, and the court is not deprived of this power by the fact that the acts in question are criminal.

A conspiracy to injure a person's business by preventing, by means of threats and intimidation, persons from entering his employment is a crime at common law and under the Penal Code.

In an action brought to procure an injunction, the complaint alleged that the defendants induced the plaintiff's employees to leave his service by using force, threats and intimidation, that by the same means they prevented persons from entering his service and also alleged a conspiracy to destroy his property and his business and charged that some of his property had been actually destroyed.

*Held,* that all the acts in question constituted injuries to property or to property rights of a nature which entitled the plaintiff to relief;

That as it appeared that the defendants were numerous and irresponsible and that the damages were of a nature difficult or impossible to ascertain, it was a proper case for the court to interfere by enjoining the defendants from the further commission of the acts and offenses in question;

That the Supreme Court, having original and general jurisdiction, would protect the rights of persons and property by adopting all those remedies adequate for

that purpose which were not inconsistent with the Constitution of the State of New York;

That inasmuch as the defendants did not assert any right to do the acts complained of, the rule, that where all the equities of a complaint are denied in the answer an injunction will not be granted pending the action, had no application.

APPEAL by the defendants, Julius Zimmerman and others, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of August, 1895, continuing *pendente lite* an injunction theretofore granted in the action.

*Moses H. Grossman* and *Edward Hymes*, for the appellants.

*Leonard Bronner*, for the respondent.

FOLLETT, J.:

This action was begun June 21, 1895, to restrain the defendants (1) from inducing the plaintiff's employees to leave his service by force, threats or intimidation; (2) from preventing persons from entering plaintiff's service by force, threats or intimidation; (3) from destroying plaintiff's property. This is the gist of the relief sought by the action and granted by the temporary injunction issued June 21, 1895, and continued by an order of the Special Term entered August 26, 1895.

The plaintiff now is, and for fifteen years last passed has been, a manufacturer of hats and caps at the city of New York, employing a large amount of capital and about seventy-five employees, known as "hat and cap operators," who are members of the "Cloth Hat & Cap Operators' Union," a society, the members of which reside in or near the city of New York.

It is alleged in the complaint that on the 8th of June, 1895, the plaintiff's employees and other members of said union, demanded that the plaintiff should enter into certain contracts with his employees relating to the conduct of his business, and that in default thereof said employees threatened to quit work and cause the suspension of business in the plaintiff's factory until such time as the demands of the union should be acceded to. The plaintiff refused to execute the contracts, and thereupon a strike was ordered, and plaintiff's employees left his service. It is also alleged that the

defendants entered into a conspiracy to destroy plaintiff's business, and to prevent him from carrying it on, and to carry out the conspiracy the defendants stationed a large number of persons, called pickets and patrolers, in front of and near the plaintiff's factory, who by threats and personal violence intimidated other persons from entering plaintiff's service. It is further alleged that many of the defendants, in furtherance of their conspiracy, have violently assaulted and injured the new employees of the plaintiff. It is alleged that the plaintiff, by the defendants' acts, has been compelled to establish factories in other towns ; that he had one at Rutherford, New Jersey, and that on June 18, 1895, several of the defendants, at the instigation and upon the order of said union, destroyed the plaintiff's machinery and property at that place, of the value of $500, and by force, threats and violence induced the hands there employed to leave their work. The complaint contains other allegations of like nature not necessary to be described particularly. It is alleged that the damages to his business occasioned by these acts are great and irreparable ; that they cannot be ascertained and recovered in an action at law, and that the defendants are unable to respond in damages.

The defendants, in their answer, deny the existence of the conspiracy and the acts of violence alleged, but they admit that they have stationed pickets and patrolers near the plaintiff's factories, have tried to prevent, by persuasion and argument, persons from entering the plaintiff's service, and also that some of plaintiff's property has been destroyed, but aver that they believe the plaintiff procured the destruction of his own property for the purpose of charging the act on the defendants. The defendants also allege that the plaintiff and other persons engaged in the same business, have entered into a conspiracy unjustly to reduce the wages of employees, and to refuse to employ members of the union, and they ask for a judgment restraining the execution of such alleged conspiracy.

Protection to property is guaranteed by the Constitutions of the United States and the State of New York, and it is the duty of the courts to enforce these guarantees. The business of a person conducted according to law is a property right. (*People* v. *Barondess,* 61 Hun, 571.) In that case Mr. Justice Daniels held that a

loss resulting from a suspension or interruption of a lawful business was an injury to property, and his opinion was adopted by the Court of Appeals. (133 N. Y. 649; *State* v. *Stewart*, 59 Vt. 273; *Barr* v. *Essex Trade Council*, 30 Atl. Rep. 881.) A court of equity has jurisdiction to restrain by injunction the carrying out of a conspiracy to destroy or injure property, and the court is not deprived of its power because the acts are criminal. (*Cranford* v. *Tyrrell*, 128 N. Y. 341; *In re Debs*, 158 U. S. 564-593.)

Many of the acts which, it is alleged, the defendants committed, and threatened to commit, are not only violations of the rights of property guaranteed by the Constitution and the laws of the State, but are violations of the criminal laws of the State. A conspiracy to injure a person's business by preventing persons from entering his employment, by threats and intimidation, is a crime at common law. (*People* v. *Melvin & Others — The Journeymen Cordwainers' Case* — Yates' Select Cases, 112; S. C., 2 Wheeler's Crim. Cases, 262. See, also, Wright's Crim. Conspiracies [1st Am. ed.], chap. 3, and cases there cited.) Such a conspiracy is now a crime by statute. (Penal Code, § 168.) Some of the plaintiff's property was destroyed, his employees were attacked, and the persons who sought his employment were threatened and menaced. For these acts the perpetrators are liable in damages, but they being, as it is alleged, irresponsible, a judgment for damages would be unavailing, would not suppress the wrongs, and would necessitate a multitude of actions. Besides this the damages which arise from the destruction of a business, with a loss of contracts, cannot be ascertained even approximately. In such cases an injunction restraining the commission of such acts is an appropriate remedy. It is urged that there is no precedent in this State which sustains an injunction in such a case. To this it may be answered that there is no case denying the power of this court to grant such relief, and there are many cases in other jurisdictions where the exercise of this power has been sustained. (*In re Debs*, 158 U. S. 564; *Casey* v. *Cincinnati T. Union*, 45 Fed. Rep. 135; *Coeur D'Alene C. & M. Co.* v. *Miners' Union*, 51 id. 260; *Blindell* v. *Hagan*, 54 id. 40; affd., 56 id. 696; 13 U. S. App. 354; *Toledo, A. A. & N. M. Ry. Co.* v. *Pennsylvania Co.*, 54 Fed. Rep. 730, 746; *United States* v. *Workmen's A. C.*, Id. 994; *Farmers' Loan & Trust Co.* v. *Northern Pac. R.*

Co., 60 id. 803; *Lake Erie & W. Ry. Co.* v. *Bailey*, 61 id. 494; *United States* v. *Alger*, 62 id. 824; *Arthur* v. *Oaks*, 63 id. 310; S. C., 11 C. C. A. 209; *United States* v. *Elliott*, 64 id. 27; *Sherry* v. *Perkins*, 147 Mass. 212; *Murdock, Keer & Co.* v. *Walker*, 152 Penn. St. 595; *Wick China Co.* v. *Brown*, 164 id. 449; *Barr* v. *Essex Trades Council*, 30 Atl. Rep. 881; *McCandless* v. *O'Brien*, 2 Pittsb. L. J. [N. S.] 435; *N. Y., L. E. & W. R. Co.* v. *Wenger*, 17 Wkly. Law Bull. 306; S. C., 24 Abb. N. C. 267.)

In *Johnston Harvester Co.* v. *Meinhardt* (60 How. Pr. 168; S. C., 9 Abb. N. C. 393; affd., 24 Hun, 489) an injunction was refused on the ground that "there is no fact shown which would, in any legal sense, amount to an intimidation of the persons who are actually in or were about to enter the employ of the plaintiff, and no facts showing acts of the defendants which would, in any legal sense, amount to a coercion of any such persons."

*Reynolds* v. *Everett* (144 N. Y. 189, affg. S. C., 67 Hun, 294, which affirmed S. C., *sub. nom. Rogers* v. *Everts*, 17 N. Y. Supp. 264) was brought to restrain striking cigarmakers in which an injunction *pendente lite* was granted and continued until the action was tried. On the trial the complaint was dismissed, without costs, on the ground that the strike had ceased and there was no occasion for a permanent injunction restraining defendants, and also on the ground that the defendants had committed no acts of violence against persons or property, but had simply persuaded laborers not to remain in the plaintiffs' employ and had persuaded others not to enter their employ.

In *Sinsheimer* v. *United Garment Workers* (77 Hun, 215, reversing S. C., 5 Misc. Rep. 448) the temporary injunction was vacated on the ground that "there is no proof of any acts of violence upon the part of the defendants or of any injury to property or of any threats or intimidation." The defendants in that case had simply mailed circulars to the plaintiffs' customers requesting them not to deal with the plaintiffs until the difference between them and the defendants should be settled.

The Supreme Court of this State has original and general jurisdiction of all cases in law and equity (Const. art. 6), with unlimited power to protect the rights of persons and property by adopting and enforcing all of the remedies afforded by an enlightened jurispru-

dence which are not inconsistent with the Constitution of the State, and it is its privilege and duty to mould and expand its processes so as to afford adequate protection to the rights of all citizens. (*In re Hallet's Estate*, 13 Ch. Div. 710; *Joy* v. *St. Louis*, 138 U. S. 50.) It is far better for employers and employees, and for the peace and safety of the State, that such relief be exercised by the courts, where parties can be heard, than to permit such violations of law to go unrestrained until force is arrayed against force, and the strong arm of the executive is compelled to intervene with troops to prevent disorder and the destruction of property. The defendants invoke the general rule that when all of the equities of a complaint are denied in the answer, an injunction will not be granted *pendente lite*, or, if granted, will be vacated. This rule applies when the litigants claim adversely in respect to property, or the right to do some act in connection therewith, and the plaintiff's asserted right being doubtful, an injunction will not be granted. But this rule is not applicable to the case at bar, for the defendants do not assert the right to do any of the acts which they are restrained from doing. They do not assert that they have a right to intimidate, by threats or by violence, persons in the employment of the plaintiff or those who seek his employment, nor do they claim that they have a right to destroy the plaintiff's property, and it is only from doing and conspiring to do such acts that they are restrained.

The order should be affirmed, with costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred in result.

Order affirmed, with costs.