BLOCK et al. v. STANDARD DISTILLING & DISTRIBUTING CO.

(Circuit Court, S. D. Ohio, W. D. July 31, 1899.)

No. 5,238.

1. JURISDICTION OF FEDERAL COURT — CITIZENSHIP OF CORPORATION — SUFFICIENCY OF ALLEGATION.

An allegation that defendant is a corporation "organized under and pursuant to the laws of the state of New Jersey" is an affirmative statement that defendant is a citizen of New Jersey.

2. EQUITY PLEADING—MULTIFARIOUSNESS.

> A bill setting up a claim for damages under the anti-trust law of July 2, 1890, and also asking an injunction restraining defendant from using complainant's trade-mark and trade-name, is multifarious, as joining two distinct causes of action, having no connection with each other, and one of which is triable at law.

3. UNFAIR COMPETITION—IMITATION OF TRADE-NAME.

> A bill which alleges that complainant and defendant are competitors in the same line of business; that defendant has assumed a trade-name similar to, and in imitation of, complainant's trade-name, and the public has been deceived thereby, and great confusion and injury have resulted to complainant's business therefrom; that defendant's incorporators, before it was organized, knew of the existence and character of complainant's business, and the trade-name under which it had for a number of years been conducted; and that defendant has refused, on complainant's request, to desist from the use of the name,—states a cause of action against defendant for unfair competition.

4. SAME—TRADE-NAME—FRAUD WHICH WILL DEBAR RELIEF.

> The mere fact that complainants, as partners, conduct their business under the name of the "Standard Distilling Company," is not sufficient to show that they represent themselves as a corporation for the purpose of deceiving and defrauding the public, so as to debar them of the right to invoke the protection of a court of equity in the use of such name.

George W. Hardacre and Peck, Shaffer & Peck, for complainants.
J. Shroder and Levy Mayer, for defendant.

THOMPSON, District Judge. This cause is submitted to the court upon a demurrer to the bill.

The first assignment of the demurrer denies the jurisdiction of the court. It is claimed that the citizenship of the defendant does not appear affirmatively, and that it cannot be inferred. I think it does affirmatively appear that the defendant is a citizen of the state of New Jersey. The statement that it was "organized under and pursuant to the laws of the state of New Jersey" is an affirmative statement that it is a citizen of New Jersey. In Insurance Co. v. Francis, 11 Wall. 210, 216, it was alleged that the defendant was a corporation created by the laws of New York, located and doing business in Mississippi under its laws, and the court said:

> "This, in legal effect, is an averment that the defendant was a citizen of New York, because a corporation can have no legal existence outside of the sovereignty by which it was created. Its place of residence is there, and can be nowhere else. Unlike a natural person, it cannot change its domicile at will, and, although it may be permitted to transact business where its charter does not operate, it cannot on that account acquire a residence there."

The objection to the jurisdiction of the court therefore is not well taken.

The second and third assignments of the demurrer allege that the bill is multifarious, in that it joins two distinct causes of action not necessarily connected or blended, and joins an action at law with a suit in equity. I think these objections to the bill are well taken. The claim for damages under the anti-trust law of July 2, 1890, and the facts set forth upon which the complainants ask that the defendant be enjoined from using complainants' trade-mark and trade-name, constitute distinct causes of action, having no connection or relation to each other; and, besides, one is a cause of action triable

at law, while the other is of equitable cognizance. The case attempted to be set forth under the anti-trust law would not justify the allowance of an injunction. So far as the court is advised by the statement of that part of the case, there would be an adequate remedy at law. Gulf, C. & S. Ry. Co. v. Miami S. S. Co., 30 C. C. A. 142, 86 Fed. 407, 420; Blindell v. Hagan, 54 Fed. 40; Hagan v. Blindell, 6 C. C. A. 86, 56 Fed. 696.

The fourth assignment of the demurrer is not insisted upon.

The fifth assignment of the demurrer is upon the ground that the bill does not state facts sufficient to constitute a cause of action. It appears from the bill: That the complainants, under the firm and trade name of "Standard Distilling Company," have for more than 14 years last past been carrying on a very extensive business in the manufacture and sale of whisky and other liquors throughout the United States; their principal place of business being in the city of Cincinnati, Ohio, with a branch house in the city of New York. That they have become widely and favorably known under the trade-name of "Standard Distilling Company," and that their sales aggregate annually many hundred thousands of dollars, and that they also have used the name as a trade-mark in connection with the sales of their goods, placing upon each barrel, box, or bottle, or other package shipped by them the words "Standard Distilling Company," and that their goods so shipped and marked have become widely and favorably known under that name. Notwithstanding these facts were well known to many of those who are now officers and agents of the defendant, yet in the year 1898 they proceeded to, and did, organize a company which they called the "Standard Distilling & Distributing Company," under which name it is engaged in carrying on a very extensive business throughout the United States in the sale of whisky and other liquors, in competition with the complainants; having agencies in the cities of New York and Cincinnati, whence it sells and distributes its goods in the same manner that complainants sell and distribute their goods. By reason of the similarity of the name adopted by the defendant to that so long used by complainants, great confusion has resulted to complainants' trade; many of complainants' customers having dealt with defendant under the impression that they were dealing with complainants, to the great injury of complainants. And that the defendant refuses to desist from the use of this trade-name and trade-mark, although requested by complainants to do so. Summarized, the facts admitted by the demurrer are these: The complainants and the defendant are competitors in the same line of business. The defendant has assumed a trade-name similar to, and in imitation of, complainants' trade-name, and the public has been deceived thereby, and great confusion and injury has resulted to complainants' business therefrom. The incorporators of the defendant corporation, before its organization, knew of the existence and character of the complainants' business, and the trade-name under which it was being carried on; and, notwithstanding its attention has since been called to the injury which it has done to the complainants' business, it refuses to desist from the use of the name so wrongfully used. These facts being admitted by the demurrer, the

question is whether they are sufficient to justify the relief prayed for.

The allegations of the bill, fairly construed, I think, show that the complainants, under the name of "Standard Distilling Company," have built up a business, and established a good will, of which they will, in great part, be deprived, if the defendant is permitted to use a name so similar as to mislead and deceive the public. It is a case of unfair competition, the direct tendency of which is to deceive the public and defraud the complainants. It is not like the case of Saunders v. Assurance Co. [1894] 1 Ch. 537, cited by counsel for the defendant. In that case the defendant had been incorporated in Canada under the name of "The Sun Life Assurance Company of Canada," and for more than 10 years had been carrying on business under that name, without any knowledge, so far as the record shows, of the fact that there was in existence in England another company doing business under the name of "The Sun Life Assurance Company." Afterwards, when it undertook to do business in England in competition with the English company, the question was raised as to whether a corporation of one of the colonies should be deprived of the right to do business in England because it chanced to have a name similar to the name of an English company in the same line of business. It was not organized in the same-territory as the English company, and at the time of its organization could not have contemplated the possibility of injury to the English company through the use of its name. And the court held that notwithstanding the similarity of names, and the injury that might result to the English company, the circumstances of the case would not justify the exclusion of the colonial corporation from doing business in England, but held that its business must be conducted in the name of "The Sun Life Assurance Company of Canada," and in all its dealings required it to avoid the use of such phrases as "The Sun," or "The Sun Life," without the addition of the words "of Canada." But the case is similar to that of Lead Co. v. Masury, Cox, Trade-Mark Cas. 210, where the court enjoined the defendant from using the name "Brooklyn White-Lead & Zinc Company," as being an imitation of the complainant's trade-name.

But it is urged that relief should be denied to the complainants because they held themselves out to the public as a corporation, when in fact they were doing business as a partnership, thereby misleading and deceiving the public. The misrepresentation which would justify the court in refusing the relief must be such as is intended to, or does in fact, mislead or cheat the public,—such as operates as a fraud upon the public. The mere use of the name "Standard Distilling Company," without more, is not sufficient to warrant the court in assuming as a fact in the case that the complainants thereby intended to mislead and cheat the public, or that the public thereby was cheated or misled, and there is nothing in the allegations of the bill to justify any such inference. Complainants begin the statement of the case with the following allegation:

"Therefore your orators complain and say that they, under the firm name and style of 'Standard Distilling Company,' have been for more than fourteen years last past engaged in the manufacture and sale of whisky and other liquors," etc.

This may be fairly construed as an allegation that they advertised themselves to the public as a firm, and there are no other allegations of the bill inconsistent with this construction.   This objection, therefore, to the bill, is not well taken.   However the case may develop in the course of further pleading or upon trial, I feel constrained to say, upon the allegations of this bill, that a case is made of unlawful competition in trade by means of a simulated trade-name, and that a case, therefore, is made for the relief prayed for; and this assignment of the demurrer is therefore not well taken.   Browne, Trade-Marks, § 93.

The demurrer will be overruled as to the first and fifth assignments, and sustained as to the second assignment thereof.