(31 Misc. Rep. 661.)

### KREBS et al. v. ROSENSTEIN et al.

(Supreme Court, Special Term, New York County. June, 1900.)

BREACH OF PEACE—STRIKES—PICKETING OR PATROLLING—WHEN ALLOWABLE.
Plaintiff's complaint alleged that certain defendants were officers and members of unions which were organized to compel manufacturers to employ none but union labor, and to foster strikes and boycotts; that plaintiff's employés, induced thereto by such unions, left plaintiffs' employ; and that sundry disorderly acts were the result. Defendants squarely denied these allegations, and alleged that the unions were organized to procure employment at fair wages; that plaintiff's employés struck because they could not make a living; and the existence of the alleged disorder was denied. No complaints were made to the police, nor were any arrests made. Patrolling and picketing were admitted by five defendants. *Held*, that the injunction must be dissolved, since the mere patrolling a neighborhood by a few persons, without attempt at coercion of others, is not illegal.

Action by Edward A. Krebs and others against Nathan Rosenstein and others. Motion by plaintiffs to continue an injunction. Denied.

Einstein & Townsend, for plaintiffs.

Vernon M. Davis, for defendants.

FITZGERALD, J. The plaintiffs move to continue and make permanent, until final judgment in this action, the injunction restraining the defendants from doing certain alleged unlawful acts set forth in the affidavits upon which the order to show cause was granted. The material question as to the truth of the allegations of the moving affidavits is raised upon the return by the sworn denials submitted upon the part of the defendants. Many of the material averments in the complaint and of the supporting affidavits are stated upon information and belief. Among these is the charge that the Cigar Makers' International Union of America and local union No. 44, of which certain of the defendants are officers or members, are organized to compel the employment of members of said associations exclusively by all manufacturers of cigars, and to plan, advise, assist, and carry on strikes and boycotts against manufacturers who refuse to accede to the demands of such associations. This allegation, made upon information and belief only, is positively denied by the affidavits read in opposition, of the accused persons, who state that the objects of the associations mentioned are to advance mutual interests of the members, by endeavoring to procure employment for them by means of proper and lawful contracts made with manufacturers, by which such members can receive employment at a certain fair and just scale of wages, and under conditions satisfactory to both manufacturers and members. The statement on information and belief, also, in the complaint, that on the 9th day of March, 1900, plaintiffs' employés, under the instructions and by the advice and with the consent and connivance of certain of the unions, left the plaintiffs' employ and went on strike, is not only absolutely denied by these officers, but their denials are fortified by affidavits of many of the striking employés, four-fifths of whom were not members of the union, giving as their reason for quitting work the refusal of plaintiffs to furnish better stock; that by reason of this refusal, and of the poor grade of stock

furnished, a longer time was required to make a cigar, and their wages were thereby materially decreased, making it impossible for them to make a living. This statement is not denied by any one on the part of the plaintiffs. The alleged assaults and acts of disorderly conduct are squarely and positively denied; nor does it appear that any complaints were made to the police, or that any person was arrested. The patrolling and picketing are frankly avowed by four girls and one man, and the candor of the avowal is creditable to the truthfulness of the affiants. The first question raised is the purely legal one, whether picketing is of itself unlawful; for, if it should be held so, the plaintiffs would be entitled, as matter of right, to have this injunction made permanent. Our law recognizes the right of men and women to work or not to work as interests or fancy may incline them, and, if any number of employés determine to strike, there is nothing unlawful in their doing so. If by combination they can obtain shorter hours or higher wages, or in any other way advance their material interests, they may do so; and, to advance their purpose, they are free to strive to win over others to their support by reason, arguments, and proper appeal. "Argument, reasoning, and entreaty are lawful weapons." People v. Kostka, 4 N. Y. Cr. R. 435; People v. Wilzig, Id. 418. They must not attempt to coerce, by threat, menace, or intimidation, either employer, co-employé, or person willing to work under the conditions which are repugnant to the strikers. They may combine in defense of their own rights, but they must not infringe the rights of others. This question of picketing has been discussed in a great many cases, all of which I have most carefully considered; and I cannot find, nor have I been referred to, any adjudications in this state holding that mere patrolling of a neighborhood by some few persons has been declared unlawful. In Rogers v. Evarts (Sup.) 17 N. Y. Supp. 264, the court, in dismissing the complaint, said: "The right to combine involves, of necessity, the right to persuade all co-laborers to join in the combination. This right to persuade co-laborers involves the right to persuade new employés to join the combination." In using this language, the matter of picketing was under consideration, because further on we find the following: "Picketing may be done in such numbers as to constitute intimidation." The same subject was considered by the court at special term in the case of Reynolds v. Everett, 67 Hun, 299, 22 N. Y. Supp. 306, and an injunction restraining defendants from picketing plaintiff's factory was refused. In Davis v. Zimmerman, 91 Hun, 489, 36 N. Y. Supp. 303, relied upon by the plaintiffs, menace, threat, and attack, in the light of the opinion, must have been abundantly established by the proof. I have studied with care the record of Association v. Delaney (Sup.) 62 N. Y. Supp. 750, and the decision of the learned appellate division was that the record disclosed sufficient facts to warrant the exercise of the court's discretion in continuing the injunction; but upon examination I find that the special term order was modified by the insertion of the words, "in such manner as to express or imply a threat, intimidation, coercion, or force," in two places in the order. This amounts to a declaration that such unlawful elements were consistent with proof, and should be embodied in the order, so as to unmistakably indicate that the acts

enjoined were unlawful acts. In Levy v. Rosenstein (Sup.) 65 N. Y. Supp. ——, Mr. Justice Andrews discusses the matter of loitering, patrolling, and picketing, and holds such acts not to be unlawful, or ground for an injunction, unless accompanied by menace, threat, or intimidation. Motion to continue injunction denied, with $10 costs.

Motion denied, with $10 costs.