(24 Misc. Rep. 296.)

### COONS v. CHRYSTIE et al.

(Supreme Court, Special Term, New York County. July, 1898.)

INJUNCTION—MASTER AND SERVANT—TRADES UNIONS.
   Trades unions and their "walking delegates" will be enjoined from causing the workmen of another to abandon their employment, and this though no threats were made or acts of intimidation done, and though the workmen had agreed with the unions not to accept employment from unaffiliated persons, such as plaintiff.

Action by Alexander Coons against Thomas Chrystie, as president of the Amalgamated Plumbers' & Gasfitters' Benevolent & Protective Society, and others, to restrain interference with plaintiff's business, and for damages. Judgment for plaintiff.

Alfred Steckler, for plaintiff.
Thomas Garrett Fennell, for defendants.

BISCHOFF, J. Upon such conflict of evidence as appears in this case, touching the main question at issue, I credit the witnesses called on behalf of the plaintiff; and, while the proof affords no sufficient basis for a money judgment for more than nominal damages, the right to an injunction is, I think, clear. Acting in behalf of the defendant association, and at its instance, the individuals defendant caused workmen in the plaintiff's employ to stop their work and abandon the employment, not that they might secure better wages elsewhere, or to protect the scale of wages, but solely to the end that the plaintiff should not have the aid of these workmen in his business,

he not having become a member of the master plumbers' association, recognized by the defendant society. It is claimed that the defendants did not cause the plaintiff's workmen to stop work through threats or acts of intimidation, which may be true so far as we have to deal with the physical deportment of these "walking delegates," but if, at the mere nod or word of the latter, the plaintiff's workmen were led immediately to abandon employment which they had been well content to accept, and which, but for the walking delegates' appearance upon the scene, they were just as content to retain, the inference is irresistible that they were coerced by the anticipation of some recognized penalty, and the absence of threats at the moment would signify merely that they were gratuitous and unnecessary. But, again, the contention is that the workmen had agreed with the defendant society that they should not accept employment from unaffiliated persons, such as the plaintiff; and, accordingly, it is urged that, by causing them to cease their work, the defendants merely caused the workmen to keep their promise. It may be that such an agreement would be valid as between the society and its members, and that, as a condition to the right to demand benefits from the society, the members might be held to the observance of its terms. Here, however, the workmen had found it desirable to work for the plaintiff, notwithstanding their society's rules; and the defendants, instead of dealing with the matter as one between the society and the individual member, such as it actually was, chose to remedy the infraction by breaking up the plaintiff's business. In this they departed from the commendable purposes of a trades union, and employed the machinery of their organization for purposes of oppression of an innocent party, who may well apply to a court of equity for relief from a threatened continuance of such acts. Whatever question there may be as to the right of a workman to maintain an action against persons who have caused his discharge from employment by the exertion of their influence upon his employer (Allen v. Flood [1898] App. Cas. 1; Davis v. Engineers, 28 App. Div. 396, 51 N. Y. Supp. 180), where the facts have to do solely with the competition of individual workmen to obtain the same place for one or another, there is no doubt that an employer is to be protected against an organized effort to interrupt the orderly course of his business through interference with the persons whom he employs (Casey v. Typographical Union, 12 Lawy. Rep. Ann. 193, and note [s. c. 45 Fed. 135]; Coeur D'Alene Co. v. Miners' Union, 51 Fed. 260; Davis v. Zimmerman, 91 Hun, 489, 36 N. Y. Supp. 303). So far, these defendants were combined in an unlawful undertaking, and an injunction should issue to prohibit its continuance. Judgment for plaintiff, as indicated, with costs.