(27 Misc. Rep. 114.)

### TALLMAN v. GAILLARD et al.

(Supreme Court, Special Term, New York County.   April 11, 1899.)

1. TRADES UNIONS—EXCLUSION FROM WORK—INJUNCTION PENDENTE LITE.
   An injunction, pendente lite, to restrain a trades union from preventing
   members of a rival union from obtaining work, will not be granted on a
   showing that the defendant union is banded together to secure employ-
   ment at their trade for its members, and to prevent others, not members
   of defendant, from procuring or retaining employment, and that defend-
   ant has coerced persons employing members of plaintiff to discharge them
   in order to avoid a strike, and that, owing to the persistent and wanton
   interference of the defendant with plaintiff's members they are daily
   finding it more difficult to obtain employment, where it does not appear
   that plaintiff's members are the object of a persecution based on a de-
   termination to exclude them from working at their trade for anybody
   or under any circumstances.

2. SAME—RIGHTS OF MEMBERS.
   Members of trade unions have the right to secure employment for their
   own members by saying that they will not work with persons not belong-
   ing to their organization, either by themselves or through their union.

Application by Aaron W. Tallman, as president of the New York
City Carpenters, for an injunction pendente lite against George D.
Gaillard, as president of the District Council, Manhattan Borough,
United Brotherhood of Carpenters, and others.    Denied.

Melville, Martin & Stephens, for the motion.
Charles Maitland Beatti, opposed.

GIEGERICH, J. The principles of the decision in the quite recent case of Davis v. Engineers, 28 App. Div. 398, 51 N. Y. Supp. 180, seem to me to be decisive of the present application. The complaint alleges that the members of the defendant District Council, Manhattan Borough, United Brotherhood of Carpenters and Joiners of America, "are carpenters and joiners banded together chiefly to secure employment in said trade or work for their members, and to prevent other persons of the same trade, not members of the said association, from procuring or retaining such employment," and that persons employing members of the plaintiff's association were coerced into discharging them in order to avoid a general strike. Mr. Thomas H. McCracken, a member and one of the official representatives of the plaintiff, in his affidavit states that, "owing to the persistent and wanton interference by the defendants and their respective associations with the business of plaintiff association, the members thereof have found it, and are daily finding it, more and more difficult to obtain and retain employment in their trade in New York City and elsewhere." The plaintiff's further affidavits are substantially to the same effect. These acts, according to the rules laid down in the case last cited, do not entitle the plaintiff to the relief sought. Justice Patterson, speaking for a majority of the court there, said (pages 398, 399, 28 App. Div., and page 182, 51 N. Y. Supp.):

"There can be no doubt that members of trades unions, as well as other individuals, have a right to say that they will not work with persons who do not belong to their organization; and whether they say it themselves, or through their organized societies, can make no difference. They have the right by that method to secure employment for their own members. * * * It was necessary for the plaintiff to prove, under the averments of his complaint, * * * that he was the object of a persecution based upon a determination to exclude him from working at his trade for anybody or under any circumstances."

Applying the foregoing principles to the case at bar, it is clear that the means used by the defendants were lawful, and hence the motion for an injunction pendente lite must be denied, with $10 costs.