Reynolds, 26 Misc. Rep. 473, 57 N. Y. Supp. 469, affirmed in 40 App. Div. 619, 58 N. Y. Supp. 1138, where the use of the word "valet," in connection with the business of repairing clothing, was held to be the subject of protection.

Motion granted so far as to restrain the use by the defendant of the words "Little Shop" upon or in connection with his present place of business upon plaintiff's furnishing an undertaking in the sum of $500. Settle order on notice.

---

(29 Misc. Rep. 247.)

REFORM CLUB OF MASONS & PLASTERERS, L. A. 706, KNIGHTS OF LABOR OF CITY OF NEW YORK, et al. v. LABORERS' UNION PROTECTIVE SOC. et al.

(Supreme Court, Special Term, New York County. October, 1899.)

TRADES UNIONS—REFUSAL TO WORK WITH MEMBERS OF OTHER UNIONS.
    The refusal of members of one trades union to work with members of another, under circumstances where the result of the refusal would be the dismissal of those with whom they refused to work, does not amount to a conspiracy to prevent their employment under all circumstances, and discloses no unlawful attitude.

Suit by the Reform Club of Masons & Plasters, L. A. 706, Knights of Labor of the City of New York, and others, against the Laborers' Union Protective Society and others.    Motion to continue injunction. Denied.

Gignoux & Gignoux (Claude Gignoux, of counsel), for the motion.
Alfred & Charles Steckler (Alfred Steckler, of counsel), opposed.

GIEGERICH, J.    The case presented involves no more than the continued expression by the defendant's members of their refusal to work with members of the plaintiff association, under circumstances where the natural effect of the expressed refusal would be to cause the dismissal of the latter class.    This does not amount to a conspiracy to prevent an employment under all circumstances, and, in the absence of instances of intimidation or of false statements as to the character of the laborers affected, the case discloses nothing unlawful in the attitude assumed by the defendants.    Davis v. Engineers, 28 App. Div. 396, 51 N. Y. Supp. 180; Tallman v. Gaillard, 27 Misc. Rep. 114, 57 N. Y. Supp. 419.    The case of Coons v. Chrystie, 24 Misc. Rep. 296, 53 N. Y. Supp. 668, cited for the plaintiffs, to the proposition that intimidation could be inferred from the dismissal, has no application to the present facts, as was distinctly noted in the opinion rendered.    In that case the suit was by the employer of laborers, whose business was damaged by the defendant union's acts in prohibiting its members from continuing their work; and it was held that the coercion of the laborers by the union was apparent, sufficiently to sustain an action by the employer.    In the case at bar the willingness of the defendant's members to obey its directions is not placed in question, and the effect of the defendant's acts upon the employers of the members of the plaintiff association does not

amount to unlawful coercion, under the authorities. The plaintiff points to the clause in the injunction order, sought to be continued, permitting the defendant's members to refuse to work with members of the plaintiff association, and it is claimed that this permission protects the defendants. The exemption, however, does not go to the right of the defendants to express that refusal under the circumstances detailed, and to grant the injunction upon the facts presented would be to deny the right to that expression if the result could be to cause the dismissal of the plaintiff's members.

The motion is therefore denied, with $10 costs, and the preliminary injunction vacated.