## WHITNEY v. FAIRBANKS et al.

### (Circuit Court, D. Vermont. February 25, 1893.)

1. CORPORATIONS — STOCKHOLDERS — SUITS AGAINST OFFICERS FOR BREACH OF TRUST.

   Stockholders cannot maintain a bill on behalf of a company charging its officers with misapplication and misappropriation of the funds of the company, and with violation of trust, unless the company has refused to bring such suit upon the express request of the stockholders.

2. SAME — NECESSARY ALLEGATIONS.

   In such a suit by a stockholder a right of action in the company must be alleged, just as if the suit had been brought by the company.

3. SAME — JOINDER OF CAUSES OF ACTION.

   The plaintiff in such a suit cannot join causes of action accruing to himself personally with causes of action belonging to the company.

4. EQUITY JURISDICTION — FRAUD — FEDERAL COURTS.

   In the federal courts, where the distinction between suits at law and in equity is strictly maintained, a bill whereby a purchaser of stock in a corporation seeks relief against his vendor because of fraud in the transactions between them is demurrable when it fails to show more than a right to pecuniary damages for alleged misrepresentations in respect to the stock.

In Equity. Suit by Edwin R. Whitney against Franklin Fairbanks and others. Heard on demurrer to the bill. Demurrer sustained.

Geo. E. Lawrence, for orator.

Henry C. Ide, for demurrants.

WHEELER, District Judge. According to the bill the orator has 300 out of 4,000 shares of the stock of the Standard Electric Company, acquired on representation that it was fully paid up from the individual defendants, who have a majority of the whole, none of which is in fact paid up, and have managed the company for the benefit of the E. & T. Fairbanks Company, in which they are largely interested. The prayer is for payment of the stock; an accounting between the two companies, and determination of the orator's claim for misrepresentation, misapplication of funds, and violation of trust; and the general prayer. All the defendants but the electric company have demurred. The bill shows no cause of action in the orator's own right against the Fairbanks Company or against the individual defendants for the stock or breach of trust. Such claims belong wholly to the electric company, and the orator has no right to prosecute them unless that company has refused, on his express request, and by the refusal given him a cause of complaint against both. Hawes v. Oakland, 104 U. S. 450. In

such a case the ninety-fourth equity rule requires allegation of ownership of stock at the proper time, of efforts to procure action by the company, with particularity, and that the suit is not collusive to confer jurisdiction on a federal court. 104 U. S. ix. These requirements are not met in this bill. Besides this, the bill fails to set forth with any certainty any cause of action or ground for relief in favor of the electric company in any of the respects suggested as grounds of claim, or that for any cause the orator is unable to set forth the claims with sufficient particularity; and no discovery, as such, for obtaining relief, is asked. The right of action in favor of the company needs to be as well alleged in a suit by the stockholder as in a suit by the company, and the defendants are not bound to answer allegations concerning them unless they are properly set forth, or proper excuse for not setting them forth is given. Causes of complaint in favor of the orator individually are different in right from those in favor of the company, prosecuted by him as a stockholder, and cannot properly be joined with them. Briggs v. Spaulding, 141 U. S. 132, 11 Sup. Ct. Rep. 924. The allegations in respect to individual relief do not suggest enough to give a right to a decree for setting aside the transaction by which the stock was acquired, and for a return of the consideration, or to anything beyond pecuniary damages for the alleged misrepresentation in respect to the stock. Taylor v. Ashton, 11 Mees. & W. 401. A suit for such purely pecuniary remedy cannot be maintained in such a case in equity in the federal courts, where the distinctions between suits at law and in equity are kept up very carefully. Buzard v. Houston, 119 U. S. 347, 7 Sup. Ct. Rep. 249. In no aspect do the allegations of this bill appear to be sufficient. Demurrer sustained.