### BERWIND v. CANADIAN PAC. RY. CO. et al.

(Circuit Court, S. D. New York. December 6, 1899.)

1. CORPORATIONS—SUIT BY STOCKHOLDERS—NECESSARY AVERMENTS.
    A plaintiff suing as a stockholder is not required to set out his efforts to induce the corporation to bring the suit, in compliance with equity rule 94, where it is alleged in his bill that the corporation is controlled by the defendants.

2. EQUITY PLEADING—SUFFICIENCY OF BILL.
    Where a bill contains sufficient allegations of fact to constitute a cause of action, it is not subject to demurrer, because it contains further allegations, stating conclusions of law, which are insufficient.

In Equity.    On demurrer to bill.

Frederick S. Duncan, for plaintiff.
Thomas G. Shearman, for defendants.

WHEELER, District Judge. The bill sets forth in much detail that the defendant the North Star Construction Company built and owned the stock of the Duluth & Winnipeg Railroad Company, which owned the stock of the Duluth & Winnipeg Terminal Company, and owned the stock of the North Star Iron Company; that the construction company owed its president, Foley, a note of about $600,000, and had deposited with him the common and preferred stock and bonds of the railroad company, the bonds of the terminal company, and

stock of the iron company, which were substantially all its assets, as collateral security, and he was about enforcing collection of the note; that a majority of the capital stock of the construction company was delivered to the Canadian Pacific Railway Company upon an agreement, through its president, Van Horne, that the latter would take up and hold the debts of the construction company until the bonds of the railroad company could be marketed and sold in sufficient number to pay that indebtedness, and upon a representation by the Canadian Pacific Railway Company that, upon assuming the control of the enterprise which the majority of the stock of the construction company would confer, it would manage the same with diligence and energy, and promote the same in every way for the general interest of all the stockholders of the construction company, and that the interests of the minority would be preserved in like manner with those of the majority; that, pursuant to this control, new directors and officers were elected in the interest of the Canadian Pacific Railway Company, through whom the property was mismanaged, to lessen its apparent value; that the debts, although taken up, were not held till bonds could be marketed and sold, but the securities pledged were collusively sold and bid in for much less than the amount of the debts on which they were pledged, and for much less than their value; that the mortgage of the railroad was collusively foreclosed, and the corporation reorganized into the defendant the Duluth, South Shore & Atlantic Railway Company, and sold; that great gains have through these transactions been realized by and for the Canadian Pacific Railway Company, of which an account has been requested; and that the orator has been a stockholder of the construction company to the amount of $25,000 during all these proceedings, and brings this bill in behalf of himself and all others similarly situated who may come in. The prayer is for an account and payment into court of securities.

The orator is alleged to be a citizen of New York; the defendant the Canadian Pacific Railway Company is alleged to be a corporation of, and William C. Van Horne, its president, a citizen of, Canada; the defendant Duluth, South Shore & Atlantic Railway Company is alleged to be a corporation and citizen of Michigan; and the North Star Construction Company to be a corporation and citizen of New Jersey. The defendant corporations have severally demurred to the bill, and assigned want of jurisdiction of the parties, want of jurisdiction in equity, and want of ground for relief as causes of demurrer.

Jurisdiction of the parties seems to be well shown by De Neufville v. Railway Co., 26 C. C. A. 306, 81 Fed. 10. The objection that efforts of the plaintiff to induce the construction company to sue are not set out according to the rule of the supreme court in equity is also covered by that case, in view of the allegation that the control of that corporation has been with the other defendants during the time of these transactions. The construction company and the new railroad company, as parties interested in the subject-matter, and the president of the Canadian Pacific, as an officer through whom the transactions were had, appear to be proper parties, according to well-known practice in equity pleading.

The bill does allege, with much verbiage, many conclusions of law which, as argued for the defendants, do not, of themselves, afford ground for relief; but, when they are supported by allegations of fact, the conclusions of law do not take away the effect of these allegations. Enough of fact is set forth to show, if true, that the Canadian Pacific Railway Company obtained control of the assets of the construction company in such manner as to be accountable for their management, disposition, and avails, which the forms of corporate action, and of legal proceedings, collusively taken in the interest of the Canadian Pacific Railway Company, as alleged, do not take away. In this view, the demurrer cannot be sustained, but must be overruled. Any other conclusion would seem to overrule De Neufville v. Railway Co., 26 C. C. A. 306, 81 Fed. 10. Demurrer overruled, defendants to answer over by January rule day.