### BERWIND v. VAN HORNE.

(Circuit Court, S. D. New York. November 9, 1900.)

CORPORATIONS—ACCOUNTING—PARTIES.

The president of a corporation is a proper party to a suit against such corporation and others to require an accounting for property of a third corporation, which property it is alleged in the bill was delivered to the defendant corporation under an agreement made in its behalf by the president, and was, through fraud and collusion between the defendants, converted to their own use, in violation of such agreement.

In Equity. On demurrer to bill.

Frederick S. Duncan, for complainant.

Shearman & Sterling and John A. Garver, for defendant Van Horne.

COXE, District Judge. The demurrer now under consideration was interposed by the defendant Van Horne. Similar demurrers on behalf of the other defendants were overruled after extended argument. Berwind v. Railway Co. (C. C.) 98 Fed. 158. It has, therefore, been judicially determined that the bill states a cause of action against the defendant corporations. The defendant Van Horne had not then filed his demurrer, but the point was urged at the argument and in the briefs of the defendants that he was in no way connected with matters out of which the controversy arises, except as president and agent of the Canadian Pacific Company. In answer to this suggestion the court said:

"The construction company and the new railroad company, as parties interested in the subject-matter, and the president of the Canadian Pacific, as an officer through whom the transactions were had, appear to be proper parties, according to well-known practice in equity pleading."

It is true that, strictly considered, the opinion is not controlling for the reason that this demurrer was not then before the court, but the logic of the decision is wholly inconsistent with the position now asserted by the defendant. It is manifest from the statements of the bill that if the complainant finally succeeds the defendant's presence on the record may be necessary to render the decree effectual. The bill seeks an accounting from the defendants of property alleged to have been fraudulently and collusively diverted by them to their own use. Without attempting to repeat in detail the averments of the bill connecting the defendant Van Horne with the alleged conspiracy it cannot be denied that he is charged with being the prime mover in the various transactions which form the basis of complainant's action. It is averred that the 5,501 shares of the construction company were delivered to him and that he and the other defendants have appropriated to themselves the benefits, advantages, gains and profits formerly enjoyed by the construction company and "have made large profits and are now the holders or owners of securities connected with said enterprises of large value or of property or money resulting from the sale thereof of large value or amount." It is this property which the complainant is endeavoring to reach. Those who were engaged in the alleged fraudulent scheme and are now enjoying its fruits are properly made defendants. The demurrer is overruled, the defendant to answer within 20 days on payment of costs.