METCALF v. AMERICAN SCHOOL-FURNITURE CO. et al.

(Circuit Court, W. D. New York. May 13, 1901.)

CORPORATIONS—SUIT BY STOCKHOLDER—MULTIFARIOUSNESS OF BILL.

A minority stockholder in a corporation may maintain a suit in equity in behalf of himself and all other stockholders similarly situated to set aside an alleged unlawful transfer of the property of the corporation in pursuance of a conspiracy between its officers and the transferee in restraint of trade and commerce, where it is alleged that the corporation, on demand, has refused to bring such suit; but a bill for such relief which also seeks the recovery of treble damages under the anti-trust act of July 2, 1890, is multifarious, since such damages are only recoverable in an action at law by the plaintiff as an individual, and not as a stockholder, while the equitable relief prayed for is in behalf of the corporation, and, if granted, would inure to the benefit of all the stockholders.

In Equity. On motion for temporary injunction and demurrers to bill.

Seymour, Seymour & Harmon, for orator.

Davies, Stone & Auerbach (Joseph Auerbach and Brainard Tolles, of counsel), for defendants American School-Furniture Co. and Oakman and Turnbull, trustees.

Maulsby Kimball, for defendants Buffalo School-Furniture Co. and others.

HAZEL, District Judge. The orator, Caroline Metcalf, holder of 569 shares of stock in the Buffalo School-Furniture Company, is a citizen of Connecticut. She brings this bill in equity in behalf of herself and all other stockholders having like interests with her, not citizens of New York, against the Buffalo School-Furniture Company, incorporated in the state of West Virginia, but transacting its business and having its property in the state of New York; Oliver S. Garretson, Henry R. Hoffeld, Frederick C. Garretson, Edward C. Shafer, Robert L. Cox, and Albert D. Garretson, directors of that corporation, owning 80 per cent. of the capital stock, all of whom are residents of the state of New York; the American School-Furniture Company, a corporation of the state of New Jersey; and Walter G. Oakman and George R. Turnbull, residents of the state of New York, who claim to have an interest in the property described in the complaint, as trustees for the holders of bonds of the defendant American School-Furniture Company. She alleges that the directors of the defendant Buffalo School-Furniture Company, without her consent,

and the defendant American School-Furniture Company, on the 2d day of March, 1899, entered into an unlawful combination and conspiracy whereby it was agreed that there should be no competition in the United States in the purchase and sale of school furniture and similar articles, and that the defendants contracted, combined, and conspired to restrict, restrain, monopolize, and control trade and commerce among the several states in school furniture; that this was done to increase and control the price in contracts for the delivery of school furniture and the like among the several states and with foreign nations,. and within the several states. The bill, at great length, alleges conspiracy, and after stating that the nominal capital of the defendant American School-Furniture Company is $10,000,000, all of which, after the formation of that corporation, was issued for property, or for options for property, held by promoters of the company, not exceeding $3,000,000 in value; that the defendant American School-Furniture Company borrowed $1,000,000, which still constitutes a liability, and which loan the promoters were able to obtain on the property acquired; that a large secret profit was made out of the transaction; that the consideration for the transfer of the property of the Buffalo School-Furniture Company to the American School-Furniture Company was the sum of $137,461 in cash, $15,000 in notes, 1,300 shares of the common stock, and 1,300 shares of the preferred stock, of the American School-Furniture Company,—it is further alleged that no business whatever has been actually carried on by the defendant Buffalo School-Furniture Company since the transfer; that its board of directors, acting beyond their power, intend to wind up and dissolve the company and distribute all of its assets, including the stock of the American School-Furniture Company, among its stockholders, pro rata, although the American School-Furniture Company and the aforesaid directors know said stock to have no value. It is further alleged that the total capital stock of the Buffalo School-Furniture Company is $350,000, divided into 3,500 shares, of the par value of $100 each; that the complainant requested the Buffalo School-Furniture Company to bring an action in equity to undo the transactions herein complained of, and recover its real estate and other assets from the defendant American School-Furniture Company; that she has exhausted all the means within her reach to obtain within the corporation itself the redress of her grievances; that the property and earning capacity of the Buffalo School-Furniture Company will be destroyed; and that she brings this bill for the benefit of herself and all the stockholders of the Buffalo School-Furniture Company who may be similarly situated who are not residents of the state of New York. It is further alleged that this fraudulent combination and scheme were fully consummated by the defendant directors and the American School-Furniture Company, and that complainant has never consented thereto; that she, being without remedy by the strict rules of the common law, prays that the American School-Furniture Company and the defendants the directors of the Buffalo School-Furniture Company may be decreed to be personally liable to her in the premises for treble

the damages which she has sustained, and that the transfer of the real estate and all of the property and assets of the Buffalo School-Furniture Company may be set aside; that it be restored, reconveyed, and again vested in the Buffalo School-Furniture Company, and that her damages may be ascertained and trebled; that a receiver be appointed; that the treble damages that may be adjudged and award-ed to her may be charged as a lien upon said real estate formerly of the Buffalo School-Furniture Company; that the lien may in this proceeding be foreclosed; and that she be paid the damages and treble damages awarded and adjudged to her out of the proceeds of such sale.

The defendants have all demurred to the bill on grounds of multi-fariousness and want of equity. This suit is properly brought by the plaintiff as a shareholder in the Buffalo corporation, suing, as she alleges, for herself and for and on behalf of all other stockhold-ers not residents of the state of New York. The Buffalo School-Furniture Company is under control of the guilty parties, and they have refused to sue when requested by the complainant so to do. Hawes v. City of Oakland, 104 U. S. 450, 26 L. Ed. 827; 2 Cook, Corp. § 701; De Neufville v. Railroad Co., 26 C. C. A. 306, 81 Fed. 10; Porter v. Sabin, 149 U. S. 478, 13 Sup. Ct. 1008, 37 L. Ed. 815; Weir v. Gas Co. (C. C.) 91 Fed. 940.

The primary question immediately arises whether this individual demand for damages is not inconsistent and antagonistic to the equitable relief sought in the bill, and whether these are not demands for equitable and legal relief upon distinct and independent grounds. Innumerable acts are alleged to have been committed in pursuance of the conspiracy. It is also claimed that the conspiracy formed and carried out by the directors was and is in violation of the act of congress of July 2, 1890. Her grievance for which she demands re-lief is that of a minority stockholder suing for herself and several other stockholders. The damages alluded to in the bill, which she demands for her sole and individual benefit, appear to be the treble damages awarded to a person who is injured in his business or prop-erty by the acts of any other person or corporation forbidden or de-clared to be unlawful by the federal anti-trust law. It is strenuously insisted that the subject-matter of this case, because of the diverse citizenship of the parties, is properly before the court, irrespective of the act of 1890, and that, as the bill states a cause of action in favor of the dissenting stockholder without reference to that statute, a court of equity, having thus obtained jurisdiction of the subject-matter, may administer all the relief which justice demands; that the damages sought are incidental to the demand for equitable relief, and the court has power to completely adjust all the rights of the parties. Madison Ave. Baptist Church v. Oliver St. Baptist Church, 73 N. Y. 96. It is a general rule that a court of equity, having ac-quired jurisdiction of the subject-matter, may mold its decrees ac-cording to the circumstances of each case. The damages, however, sought to be recovered in this suit, in the light of the demand set out in the complaint, at paragraphs 24, 26, 28, and 31, cannot be re-

garded as supplemental to the revesting of the property or incidental to the relief sought by the bill. The relief sought, other than the individual demand for treble damages, is in equity. Section 7 of the federal act of 1890 is declaratory of a common-law right which existed in favor of parties injured by wrongs enumerated in other sections of that act, and confers jurisdiction to seek a remedy, and with treble damages, in a federal tribunal. The character of the right of action is in no way changed, and still remains one in tort. Blindell v. Hagen (C. C.) 54 Fed. 40; Pidcock v. Harrington (C. C.) 64 Fed. 821; Gulf, C. & S. F. R. Co. v. Miami S. S. Co., 30 C. C. A. 142, 86 Fed. 407; Block v. Distributing Co. (C. C.) 95 Fed. 978. It inures in the case at bar to the complainant individually, and not to her as a stockholder, as an additional asset of the corporation. All other relief sought, if granted, must in the end belong and come into the hands of the corporation, to the advantage of the stockholders thereof. Cook, Corp. § 701, and cases cited; Church v. Railroad Co. (C. C.) 78 Fed. 526; Whitney v. Fairbanks (C. C.) 54 Fed. 985. This case is clearly distinguishable from De Neufville v. Railroad Co., 26 C. C. A. 306, 81 Fed. 10, cited by counsel for complainant. In that case the relief was demanded in form in favor of the complainant individually, but in law belonged to the corporation of which the complainant was a stockholder, while in this case the treble damages sought by virtue of the anti-trust act would belong to the individual complainant, and not to the corporation of which she is a stockholder. In the case of Pidcock v. Harrington, supra, Judge Coxe said, in relation to the anti-trust act:

"It is clear that the right to maintain in such a suit [in equity] is not expressly conferred by the act. Indeed, such right is by implication denied: * * * First, because a private person is given (section 7) the right to maintain an action at law; and, second, the district attorneys of the United States, under the direction of the attorney general (section 4), are charged with the duty of commencing suits in equity. If it were the intention of the lawmakers to vest in every irresponsible individual who may deem himself aggrieved the right to invoke the drastic and far-reaching remedies conferred by the act, is it not reasonable to suppose they would have said so in unambiguous terms?"

To the same effect is the decision of Judge Baker in Southern Indiana Exp. Co. v. United States Exp. Co. (C. C.) 88 Fed. 659, affirmed by the circuit court of appeals in 35 C. C. A. 172, 92 Fed. 1022. The learned district judge said:

"The anti-trust law of July 2, 1890, has wrought no such change in the law as will enable the court to enforce its provisions in favor of a private party by a bill in equity. Under this act, the only remedy given to any other party than the government of the United States is an action at law for threefold damages, with costs and attorney's fees; and the only party entitled to maintain a bill in equity for injunctive relief for an alleged violation of its provisions is the United States, by its district attorney, on the authorization of the attorney general."

Without deeming it necessary to specifically set out all of the grounds of demurrer of the various defendants interposed herein, it may be said that the chief grounds argued by counsel were the multifariousness of the bill, and want of equity in favor of the orator gen-

erally. The bill, at great length, alleges conspiracy in restraint of trade and commerce, negligence, and ultra vires acts of the directors of the Buffalo School-Furniture Company, resulting in the depreciation of the value of its stock and property. I think that the bill, with its inferences, sufficiently avers a conspiracy in restraint of trade and commerce to enable the complainant to give proof of the charge in support of her allegation. If these alleged unlawful acts are proven, injury has been sustained by the corporation, and therefore equity will afford relief. This would entitle the plaintiff, as a stockholder, to equitable relief.

The objection that the bill is demurrable because it lacks equity fails. The defendants Oakman and Turnbull have filed a plea in addition to their demurrer. It is not strictly necessary for the court to pass upon the sufficiency of this plea, having come to the conclusion that the demurrer filed by these same defendants must be sustained. The court is of the opinion, however, that the benefit of the plea should be saved to the hearing, in accordance with the rule laid down in Story, Eq. Pl. §§ 697, 698. The motion for a temporary injunction is denied. Demurrers sustained, with costs to the various defendants; complainant having leave to amend within 30 days.