### WALLER et al. v. COLER et al.

(Circuit Court, S. D. New York. October 19, 1903.)

1. Jurisdiction of Federal Courts—Diversity of Citizenship—Realignment of Parties in Equity.

Where a bill filed in a federal court by stockholders against the corporation and others does not conform to the requirement of equity rule 94 by showing the efforts made to secure action by the stockholders, or excuse the failure to make such efforts, the usual rule applies that the parties must be aligned according to their interest for the purpose of determining the jurisdiction of the court, and the corporation must be aligned with the complainants.

In Equity. Motion to dismiss for lack of jurisdiction.

Hotchkiss & Barber, for the motion.

Roger Foster, opposed.

LACOMBE, Circuit Judge. If the trust company defendant were aligned with the stockholders' complainant, there would be citizens of the same state on both sides of the controversy, and this court would be without jurisdiction. It is manifest from the bill that the company rightfully belongs on the complainant's side of the controversy, but it is contended that the wholesome rule which aligns parties according to interest does not apply to stockholders' actions against the corporation and other parties, founded on rights which may properly be asserted by the corporation. The case of De Neufville v. N. Y. & N. R. R., 81 Fed. 10, 26 C. C. A. 308, decided in this circuit, is authority for this proposition, but intimates that it should be applied only in cases which are brought within the ninty-fourth rule in equity. The bill in this cause does not comply with the requirements of that rule, which provides that it must set forth with particularity the efforts of the plaintiff to secure such action as he desires on the part of the managing directors or trustees, and, if necessary, of the shareholders, and the causes of his failure to obtain such action. If it be conceded that the plaintiff has set forth with sufficient particularity his efforts to induce the directors so to act, and the causes of his failure to secure such action by them, it then became necessary to set forth with equal particularity his efforts to secure action on the part of the stockhold-

¶ 1. Diverse citizenship as ground of federal jurisdiction, see notes to Shipp v. Williams, 10 C. C. A. 249; Mason v. Dullagham, 27 C. C. A. 298.

ers, or at least to show some good reason why any such effort would be futile; as, for instance, that a majority of the stockholders are hostile to complainant's proposed action. No averments of this sort, however, are found in the bill, and the cause is therefore not brought within the ninty-fourth rule, and so not excepted from the general rule which aligns parties according to interest. Such alignment brings a citizen of New York on each side of the controversy, and leaves this court without jurisdiction.

The motion to dismiss for want of jurisdiction is granted.