HUNNEWELL v. NEW YORK CENT. & H. R. R. CO. et al.

(Circuit Court, S. D. New York  December 30, 1911.)

**1. INJUNCTION** (§ 137*)—INJUNCTION PENDENTE LITE—WHEN PROPER.

A stockholder of one railroad company is not entitled to an injunction against another company restraining it pendente lite from transferring to a third company stock held by it in the first company, if it appears that the complainant can obtain complete relief on final decree without such continued stockholding.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

**2. CORPORATIONS (§ 180*)—CONTROL OF OTHER CORPORATIONS—RESPONSIBILITY.**

When one corporation acquires a majority of the stock of another, it is bound to manage the affairs of the controlled corporation for the benefit of all the stockholders, and not for its own aggrandizement.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 665–673; Dec. Dig. § 180.*]

**3. INJUNCTION (§ 137*)—INJUNCTION PENDENTE LITE—TRANSFER OF CORPORATE STOCK.**

The stockholder of one railroad company is not entitled to enjoin another company pendente lite from transferring to a third railway company the stock held by it in the first company under a bill demanding as primary relief an accounting and injunction against continuance of wrongful practices, where neither complainant nor his company has any lien or charge upon the shares to be transferred, and it does not appear that defendant company is financially irresponsible, or a transfer would prejudice complainant's company, though no application has been made to the Public Service Commission of the state for approval of the transfer.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

**4. CORPORATIONS (§ 190*)—STOCKHOLDERS' SUIT—BENEFIT.**

A minority stockholder in suing a majority stockholder for an accounting and to enjoin continuance of wrongful practices on the corporation failing to act recovers, if at all, not for himself or for the minority stockholders, but for the corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 723–731; Dec. Dig. § 190.*]

**5. INJUNCTION (§ 137*)—INJUNCTION PENDENTE LITE—RIGHT TO RELIEF.**

But, even if the suit were treated as one by the stockholder in his own right, the injunction could not be granted for want of application to the Public Service Commission; it appearing that application has since been made to the Commission, and it being presumed that the Commission will consider any charges that the transfers in question are merely colorable and in bad faith.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 307–309; Dec. Dig. § 137.*]

**6. INJUNCTION (§ 152*)—INJUNCTION PENDENTE LITE—RAILROADS.**

A motion for an injunction restraining defendant company pendente lite from further unjustly discriminating in the division of joint rates, from unlawfully diverting freight, and from wasting the property of complainant's company should be denied without prejudice to its renewal, should it appear that the transfer of shares should not be made, or, in case after transfer it appears that the sale is clearly colorable, that the purchaser acts for defendant, and that the same conditions and practices continue.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 337; Dec. Dig. § 152.*]

**7. CORPORATIONS (§ 511*)—RECEIVERSHIP PENDENTE LITE—RAILROADS.**

Nor is complainant entitled to appointment of receivers pendente lite, it not appearing that complainant's company is insolvent, since, if defendant transfers its stock, wrongful domination of plaintiff's company will terminate, but application for receivership can be renewed on defendant failing to transfer the shares, or if on a transfer it appears that the sale is merely colorable, and that the wrongful practices continue.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2015, 2016; Dec. Dig. § 511.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

8. Corporations (§ 511*)—Receivership Pendente Lite—Grounds—Nonresidence of Directors.

 Nonresidence of directors is not sufficient ground for appointment of receivers for a corporation pendente lite.

 [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2015, 2016; Dec. Dig. § 511.*]

In Equity. Bill by James M. Hunnewell against the New York Central & Hudson River Railroad Company and another. On motions for temporary injunction and for appointment of receivers. Motions denied.

Guggenheimer, Untermyer & Marshall, for complainant.

A. S. Lyman, for defendant New York Cent. & H. R. R. Co.

E. W. Lawrence, for defendant Rutland R. Co.

NOYES, Circuit Judge. [1] The first question to be determined in this matter is whether the defendant, the New York Central & Hudson River Railroad Company, should be enjoined pendente lite from transferring to the New York, New Haven & Hartford Railroad Company the shares of stock held by it in the defendant, the Rutland Railroad Company. The determination of this question must depend primarily upon whether it is reasonably certain that the complainant will obtain a decree to effectuate which it is necessary that the ownership of the shares in question should continue in the New York Central Company. If it appear that the complainant can obtain without such continued stockholding, full, adequate, and complete relief for the wrongs stated in the bill, a temporary injunction should not issue. The defendant's rights ought not to be interfered with unless necessary to protect the rights of the complainant.

[2, 3] An examination of the bill of complaint shows that it is a stockholder's suit brought by the complainant as a stockholder of the Rutland Railroad Company. The complaint contains averments of the acquisition by the New York Central Company of a majority of the capital stock of the Rutland Company and the exercise of the control so acquired for the suppression of competition between the two companies and the consequent damage to the latter and profit to the former. It is also alleged at length that by mismanagement, diversion of traffic, unfair traffic agreements, and other wrongful practices, the New York Central Company has diverted and wasted the assets of the Rutland Company.

The suit is evidently one to enforce against the defendant, the New York Central Company, the obligation which one corporation assumes when it obtains a majority of the shares of another and thus acquires the control of its management, and that obligation is to manage the affairs of the controlled corporation for the benefit of all of the stockholders and not for its own aggrandizement. Farmers' Loan, etc., Co. v. New York Central. etc., R. Co., 150 N. Y. 410, 44 N. E. 1043, 34 L. R. A. 76, 55 Am. St. Rep. 689, is the leading case upon this subject.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

196 F.—35

The primary relief demanded in the bill against this majority stockholder for the alleged failure in the performance of its obligations, is an accounting of all moneys, funds and property of the Rutland Company lost or wasted, and a decree for the amount found to be due upon the accounting. Injunctive relief is also asked to prevent a continuance of the wrongful practices. These measures of relief seem to me to be adequate. I am unable to perceive any theory upon which the court upon final hearing may be expected to go further and enjoin the defendant, the New York Central Company, from disposing of the stock which it is averred to have used so improperly. The title to the shares is not in question. Neither the complainant nor the Rutland Company has any lien or charge upon them. There is no contention that the New York Central Company is financially irresponsible. There are no averments in the bill showing how the transfer of the stock will be prejudicial to the Rutland Company. Indeed, in view of the allegations concerning the ownership by the New York Central Company of competing lines and the other conditions favoring wrongful and oppressive practices, it would seem that the interests of the Rutland Company would be better promoted by the disposition than by the retention of the shares.

[4] It is urged, however, upon this motion that the New York Central Company should be enjoined from making any disposition of its stock unless it be in accordance with the provisions of the Public Service Commission Law of the state of New York (Consol. Laws 1910, c. 48), and it is stated that no application to the Commission for the approval of the transfer, as required by said law, has been made.[1] But it is impossible for me to see how any condition of this nature could be inserted in the final decree and if so it cannot afford the basis for a preliminary injunction. The matter is new and there are no supplemental pleadings. Furthermore I am not satisfied that there could be any supplemental pleadings which would bring properly into a stockholder's suit for breach of a majority stockholder's obligation the question of the application of a statute affecting the right of such stockholder to dispose of its shares.

This is a case where the complainant sues in a representative capacity for the redress of injuries done to the Rutland Company and not for the protection of his own rights. His corporation failing to act, he· sues in its behalf and will recover, if at all, not for himself or for minority stockholders, but for the corporation. De Neufville v. New York, etc., R. Co., 81 Fed. 10, 26 C. C. A. 306; Niles v. New York Central, etc., R. Co., 35 Misc. Rep. 69, 71 N. Y. Supp. 271. So it is immaterial here whether the complainant could maintain an action for the protection of his own· rights as stockholder. We may assume that he would have a status to maintain such a suit and could insist upon a hearing before the Commission upon the ground that

---

[1] In the complainant's supplemental brief it is stated that application has been made, since the moving papers were filed, to the Public Service Commission for its approval of the transfer of the shares in question. In testing the legal question involved, however, I shall first consider the case as presented upon the original papers.

one of the purposes of the Commission Law was to protect minority interests. But nothing appears in this case which would give the Rutland Company itself any standing to maintain a separate suit to enjoin the transfer of the shares of its capital stock without the approval of the Commission, and if it could not maintain such a suit, the matter could not be set up by supplemental pleadings in this suit and cannot furnish ground for a temporary injunction herein.

[5] The conclusion reached from the examination thus far is that the complainant in this suit is not entitled to an injunction restraining the sale of said shares. If, however, this conclusion were not reached and this suit were treated as one by the stockholder in his own interest, it would still be impossible for me to grant an injunction upon the ground of want of application to the Public Service Commission, because it now appears that such application has been made. All that the complainant asked for in this phase of the case has been accomplished. Presumably the Commission will give consideration to the charges that the transfers in question are merely colorable and in bad faith.

[6] The application for an injunction restraining the New York Central Company from further unjustly discriminating in the division of joint rates, from unlawfully diverting freight and from wasting the property of the Rutland Company, does not now require extended consideration. If the New York Central Company is permitted by the Public Service Commission to dispose of all its Rutland shares and does transfer them, the unlawful practices which are urged as the ground for this injunction will necessarily terminate. Consequently it has not seemed to me necessary or desirable to examine into the facts with a view to determine whether if existing conditions were to continue some measure of temporary injunctive relief should be granted. The denial of the motion for this injunction will be, however, without prejudice to its renewal in case the transfer of shares should not be made or in case after the consummation of the transfer it can be made to appear that the sale is merely colorable, that the purchaser acts in behalf of the New York Central Company, and that the same conditions and practices continue.

[7, 8] The application for the appointment of receivers pendente lite likewise does not require discussion. The nonresidence of directors is not regarded as a sufficient ground for such action. It does not appear that the Rutland Company is insolvent, and if the New York Central Company transfers its stock the wrongful domination of that Company, which is the principal ground urged for the appointment of receivers, will terminate. The denial of the motion for the appointment of receivers will be, however, without prejudice to a renewal of the same upon the conditions just stated with respect to a renewal of the motion for an injunction.

The motions of the complainant are denied.