## HYAMS v. OLD DOMINION CO.

(District Court, D. Maine. May 5, 1913.)

No. 702.

1. EQUITY (§ 117*)—BILL—MOTION TO DISMISS—DEMURRER.

Under equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), abolishing demurrers, and providing that every defense arising on the face of the bill, which might previously have been made by demurrer or plea, shall be made by motion to dismiss or in the answer, an objection that a corporation not joined was an indispensable party to the bill was properly taken by motion to dismiss.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 246, 285–292; Dec. Dig. § 117.*]

2. EQUITY (§ 117*)—BILLS—PARTIES—RULES.

Equity rule 39 (198 Fed. xxix, 115 C. C. A. xxix), providing that in all cases where it shall appear to the court that persons who might otherwise be deemed parties to the suit cannot be made parties by reason of their being out of the jurisdiction of the court, the court in its discretion may proceed in the case without making such persons parties, did not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

change the principles of law or equity, or authorize the court to proceed in the case without having indispensable parties before it, to authorize a decision of the whole controversy involved and to make an adequate decree.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 246, 285–292; Dec. Dig. § 117.*]

3. JUDGMENT (§ 16*)—ABSENT PARTIES—RIGHTS.

The federal courts enforce the rule that the court cannot adjudicate directly on rights of a person not actually or constructively before it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 22, 24; Dec. Dig. § 16.*]

4. CORPORATIONS (§ 190*)—MANAGEMENT—STOCKHOLDER'S SUIT—PARTIES.

Complainant, a minority stockholder in a New Jersey mining company, sued defendant, a Maine corporation, alleging that defendant owned the majority stock in the New Jersey company and was undertaking to dissipate a part of the New Jersey company's capital by unlawful payment of dividends, that it had acquired wrongful dominion of the New Jersey company by means of its control of the stock of a third corporation, and had caused great and irreparable injury to the stock owned by complainant and to the New Jersey company as a corporation, and that such acts and conduct, if continued, would cause great and irreparable injury, both to complainant as a stockholder in such corporation and to the corporation itself, which injury and damage could not be computed and estimated, and prayed that defendant be enjoined from voting its stock in the New Jersey company, and from electing any person as director thereof who was a director or officer of defendant company. Held, that the New Jersey company was an indispensable party to the suit, and, being beyond the court's jurisdiction, the bill could not be maintained.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 723–731; Dec. Dig. § 190.*]

In Equity. Suit by Godfrey M. Hyams against the Old Dominion Company. On defendant's motion to dismiss bill for want of equity. Granted.

Isaac W. Dyer, of Portland, Me., and Edward M. Colie, of Newark, N. J., for complainant.

Brandeis, Dunbar & Nutter, of Boston, Mass., for respondent.

HALE, District Judge. This case now comes before the court upon the defendant's motion to dismiss the bill. The complainant, the holder of 3,056 shares of the capital stock of the Old Dominion Copper Mining & Smelting Company, a corporation of New Jersey, brings this bill in equity, in behalf of himself and of such other stockholders of his company as shall join in the prosecution of the suit, against the defendant corporation, the holder of a majority of the stock of the New Jersey corporation. The complainant seeks to enjoin the defendant corporation from voting its stock in the New Jersey company, and from electing any person a director of the New Jersey company who is a director or officer of the Maine company. The bill alleges that the New Jersey corporation is a mining company, with a capital stock of 162,000 shares, having a mine in Globe, Ariz., immediately adjoining the mine of a company called the United Globe Mines, incorporated under the laws of New York;

that the Maine company, the defendant, is merely a holding company, holding a majority of the stock of the New Jersey company, and substantially all of the stock of the United Globe Mines; that the New Jersey company and the United Globe Mines have certain relations with each other, existing by contract, and fully stated in the bill; that the Maine company is controlled by persons who control certain other corporations enumerated in the bill, with which the New Jersey company has dealings; and that these corporations and the defendant have directors in common; that the New Jersey company has three out of seven directors in common with the defendant, but has no directors in common with the United Globe Mines, or with the other companies set out in the bill. The bill contains an allegation that the defendant, the holding company, has acted in an illegal and fraudulent manner in its control and management of the New Jersey company, by so exercising its control that some of the capital of the New Jersey company is in danger of being dissipated in dividends, and that this fraud taints the other transactions set up in the bill. The learned counsel for the complainant state fully the principles upon which they claim the bill is founded. Among the principles upon which they rely are the following:

"That a corporation must carry on its business by its own agents, and not through the agency of another corporation.

"That a corporation can only act through its officers and directors, and that the acts of the directors are the acts of the corporation.

"That the complainant is entitled to have the affairs of the corporation, of which he is a stockholder, managed by a board of directors uncontrolled by another corporation, which holds a majority of the stock of his corporation, acquired for the purpose of control, which corporation also owns all the stock of an adjacent and kindred corporation producing the same character of ore, and in fact worked in part through the shaft of his company, and having large inter-relations with his company, the majority of the directors of which holding corporation also own and control other corporations having large inter-relations with his company.

"That such control, as is demonstrated by the allegations in the bill, exercised by a corporation so acquiring a majority of the stock, for the purpose of control, is unlawful.

"That where such a control has been so acquired, the corporation so acquiring it constitutes itself, and virtually becomes, the trustee for the minority stockholders, and as such it is its duty not to place itself in a position where it assumes a position inconsistent with such trust relation; that where the trust relation is established, every act involving inter-relations can stand only upon the condition that the trustee satisfies the court fully and completely that the beneficiary has received a full equivalent for that which he parted with, and that the burden of proof in all such cases rests upon the trustee to clearly free himself from the imputation of fraud arising from the fact of the trust relation.

"That where a holding company has agreed, as here, to compel the complainant's company to dissipate a part of its capital as dividends, and has caused complainant's company to undertake to so dissipate the capital of the company, such flagrant fraud upon the complainant's rights characterizes the control and domination by the holding company of the complainant's company."

The charging part of the bill concludes with the allegation:

"That the conduct and the matters herein set forth on the part of the said defendant have caused great and irreparable injury to the said stock owned by him, and to the Old Dominion of New Jersey as a corporation, and that

said acts and conduct, if continued, and against which an injunction is hereby sought, would cause great and irreparable injury to the said stock, and to your orator as a stockholder in said corporation, and to the said corporation itself; that such injury and damage to him, and to said corporation, cannot be computed and estimated, and cannot be compensated in damages at law; and that your orator has no adequate remedy in law for the matters herein complained of."

The defendant moves that the bill be dismissed: First, because it is brought expressly on behalf of the complainant as a stockholder, and of all other participating stockholders of the New Jersey company; that said New Jersey company is an indispensable party to the bill, but is not joined as a party; and that the suit cannot proceed without such joinder.

[1, 2] The motion is to be treated as a demurrer would have been treated previous to the present equity rules, since equity rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) abolishes demurrers, and provides that every defense, arising upon the face of the bill, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss, or in the answer. The thirty-ninth equity rule (198 Fed. xxix, 115 C. C. A. xxix) provides that in all cases where it shall appear to the court that persons, who might otherwise be deemed proper parties to the suit, cannot be made parties by reason of their being out of the jurisdiction of the court, the court may, in its discretion, proceed in the cause without making such persons parties. The general purpose of this rule is undoubtedly to broaden the old rule, and to give jurisdiction wherever the court has before it such parties as will enable it to make an effective decree. Can this court, then, make an effective decree, without the joinder of the New Jersey company?

By speaking of proper parties, it is clear that rule 39 did not intend to change the principles of equity law, or to provide that the court might proceed in a cause without having before it such necessary or indispensable parties as would enable the court to fully decide the whole controversy involved, and to make a competent and adequate decree. The general rule of equity is that the bill must bring before the court all persons interested in the relief sought, and who may be affected by the proposed decree, or whose concurrence is necessary to a complete hearing of the cause. The effort of the court should be to reach a hearing of the whole of a controversy, and to make a complete decree between the parties, so as to prevent future litigation. Adams' Equity, § 312; Story's Equity Pleadings, § 72; Story's Equity Jurisprudence, § 1526; Daniell, Chancery, § 190; Michigan State Bank v. Gardner, 3 Gray (Mass.) 308.

[3] The federal courts enforce the elementary principle that the court cannot adjudicate directly upon a person's right without having him either actually or constructively before it. Mallow v. Hinde, 12 Wheat. 193, 6 L. Ed. 599; Shields v. Barrow, 17 How. 130, 141, 15 L. Ed. 158; Gregory v. Stetson, 133 U. S. 579, 586, 587, 10 Sup. Ct. 422, 33 L. Ed. 792; Minnesota v. Northern Securities Co., 184 U. S. 199, 246, 22 Sup. Ct. 308, 46 L. Ed. 499; De Neufville v. New York, etc., Co., 81 Fed. 10, 12, 13, 26 C. C. A. 306; Talbot J. Taylor.

& Co. v. Southern Pacific Co. (C. C.) 122 Fed. 147, 152; United States v. Northern Pacific R. Co., 134 Fed. 715, 718, 67 C. C. A. 269.

[4] It is urged on the part of the complainant that the New Jersey company is not an indispensable party, nor directly affected in its property by the result of the litigation in this suit; that the sole issue is between the complainant and the Maine company, as to the right to vote the defendant's majority shares, in order to perpetuate its control in the New Jersey company; that, although the New Jersey company may be held to have some interest in the controversy, it will not be directly affected by the decree made in its absence, and hence is not an indispensable party, under the rule, stated in Williams v. Bankhead, 19 Wall. 563, 571, 22 L. Ed. 184, that it may come in and be made a party to the proceedings, if it desires to do so, but, if made a party, its interests indicate that it must be a party complainant; and that in equity, especially under the enlarged rules of the federal court, the New Jersey company is not so indispensable a party as to prevent the controversy from proceeding without it.

Upon a careful examination of the bill in equity before me, I cannot sustain the complainant's contention. Equity rule 39 and section 50 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 149]) are not intended to change the principles of equity, or of equity practice. It is still true that a court in equity can make no decree which so far involves the rights of an absent party that complete and final justice cannot be done between the parties present without affecting the rights of the absent party. The bill in equity in this case is based upon the charge that certain action upon the part of the defendant company is illegal and fraudulent, in that, by its control of the New Jersey company, the defendant is undertaking to dissipate a part of the capital of the New Jersey company by an unlawful payment of dividends; that the defendant has acquired a wrongful domination of the New Jersey company by means of its control of the entire capital stock of the United Globe Mines, and its ownership of a majority of the stock of the New Jersey company; that the defendant's conduct has caused great and irreparable injury to the stock owned by the complainant, and to the Old Dominion Company of New Jersey as a corporation, and that such acts and conduct, if continued, will cause great and irreparable injury, both to the "complainant as a stockholder in said corporation, and to the said corporation itself; that such injury and damage to him, and to said corporation, cannot be computed and estimated." It is clear, then, that the injury complained of, and sought to be enjoined, is an injury, not only to the complainant, but to the complainant's company, the New Jersey corporation; that, if the complainant's stock is to be diminished in value, it is because the property and rights of his company, the New Jersey corporation, will be diminished in value. It can hardly be denied that the "damage and injury to said corporation" must refer to an actual damage to the property and rights of that corporation. If, then, the New Jersey corporation has suffered, and is in danger of suffering, such injury and damage, it ought to be heard in court to say whether it charges the same unlawful acts which the complainant

charges in his bill in equity. If it does make such allegations, and if it shares the apprehensions of the complainant in this suit, it should be a party to this controversy, and be recognized and protected in the decree of this court. If it takes a different view of its rights, and of its injuries and damages, then it clearly should be a party to this action, in order that the court may try the whole controversy, and not some part of it. If this were a law suit, the New Jersey company would have to be made a plaintiff in order to protect its rights; but in equity it may be brought before the court as a defendant, and as such defendant will receive the protection and be entitled to the decree of the court. If it is adjudged in this suit that the defendant has been guilty of fraudulent and inequitable conduct, it may also be adjudged in another suit, brought by the New Jersey company, that the present defendant has been guilty of the same inequitable and fraudulent conduct towards the New Jersey company. And if a suit is brought by the New Jersey company, not now in court, against the present defendant, the decree in the present suit will not protect the defendant. Wall v. Thomas (C. C.) 41 Fed. 620, 622.

It is clear, then, that without the presence in court of the New Jersey corporation the whole controversy cannot be tried out, and that whatever decree the complainant obtains in this suit will be no bar to a suit of the New Jersey corporation founded upon the same inequitable acts of this defendant. In my opinion the court cannot pass adequately upon the questions presented by this bill without having before it the corporation of which the complainant is a minority stockholder, in order that the whole controversy may be settled. In an equitable action, all sides of the controversy should be adequately represented and fully heard; and when it appears that a case, otherwise presenting ground for action, cannot be dealt with because of the absence of essential parties, it is usual for the court to grant leave to the complainant to amend by bringing in such parties; but when it also appears that indispensable parties are beyond the reach of the jurisdiction of the court, or that, when made parties, the jurisdiction of the court will thereby be defeated, it is useless for the court to grant leave to amend. Minnesota v. Northern Securities Co., 184 U. S. 246, 22 Sup. Ct. 308, 46 L. Ed. 499. In Gregory v. Stetson, 133 U. S. 579, 586, 10 Sup. Ct. 422, 424 (33 L. Ed. 792) the Supreme Court said:

"The point was made in the court below that, Mrs. Pike being a nonresident and beyond the jurisdiction of the court, it was impossible to join her as a party defendant to this suit, and that it was, therefore, unnecessary to attempt to do so. The court below ruled against the complainant on this point; and we see no error in that ruling. The general question involved therein has been before this court a number of times, and it is now well settled that, notwithstanding the statute referred to, and the forty-seventh equity rule, a Circuit Court can make no decree in a suit in the absence of a party whose rights must necessarily be affected thereby."

The present thirty-ninth rule in equity and section 50 of the Judicial Code impose no different duty upon the court. I must sustain the motion to dismiss the bill in equity on account of the absence of the Old Dominion Copper Mining & Smelting Company of New Jersey as an indispensable party. Inasmuch as my ruling upon this point results

in the dismissal of the bill, it is not necessary to discuss the other grounds upon which the motion is based.

The bill in equity may be dismissed, with costs.